Virginia A. WILCOXEN, Appellant,

v.

KROGER FOOD STORES and Local Union No. 88 Amalgamated Meat Cutter and Butcher Workmen of North America, Appellees.

No. 82–2035.

United States Court of Appeals,
Eighth Circuit.

Dec. 27, 1983.

Law Office of Edward L. Welch, Edward L. Welch, Edwardsville, Ill., Doris Black, St. Louis, Mo., for appellant.

Earl B. Wilburn, George O. Suggs, Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., for appellee Local Union No. 88, Amalgamated Meat Cutters and Butcher Workmen of North America.

Byron E. Francis, St. Louis, Mo., for appellee The Kroger Co.; Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., of counsel.

Before ROSS and FAGG, Circuit Judges, and WATERS, District Judge.[*]

PER CURIAM.

This case is on appeal from the judgment of the United States District Court for the Eastern District of Missouri.[1] Jurisdiction is invoked pursuant to 28 U.S.C. § 1291 (Supp.1983). The district court, 545 F.Supp. 1019, granted summary judgment in favor of appellees, Kroger Food Stores and Local Union No. 88, on the basis that the suit filed under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1978) was not timely filed. This appeal followed.

Wilcoxen had been working full time for Kroger Food Stores and subsequently she became a part-time employee. At some point during her part-time employment, she alleges that she worked for seven consecutive 40-hour weeks. Apparently, when a part-time employee works full time, she is required to sign an "extra-help" form.

In any event, during the time period when Wilcoxen worked 40 hours per week,

---

[*] The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

[1] The Honorable John F. Nangle presiding.

she alleged that she met the conditions necessary to qualify as a permanent employee. Her employer denied the request to consider her as a permanent employee. She filed a complaint with the union which also denied her grievance on August 25, 1981.

Wilcoxen argues that her claim did not begin to run until March 12, 1982, the date she became aware she had a claim. Wilcoxen makes this argument based on the fact that it was not until March 12, 1982, that her counsel was informed that her employer did not have an extra-help form that the union relied on in denying the grievance. Wilcoxen argues that had Kroger been prompt in replying to the request for the extra-help form, she would have filed her action much sooner.

We find this argument to be without merit. First, in *Butler v. Local Union 823*, 514 F.2d 442 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975) we held that the cause of action accrued on the date that the employee's grievance is finally rejected. *Butler* at 449–50. To accept Wilcoxen's argument would extend limitation periods indefinitely. Second, Wilcoxen knew on August 25, 1981, when the union denied her grievance, that she did not sign an extra-help form for the period in question. Also, the concealment, if any, of the extra-help form is not alleged to have been a fraudulent or intentional act. Consequently, we find Wilcoxen's cause of action accrued on August 25, 1981.

During the pendency of this appeal, the Supreme Court decided the case of *DelCostello v. International Brotherhood of Teamsters*, —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). *DelCostello* held that Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) with its six month limitation period governed section 301 suits.[2] Since Wilcoxen did not file suit within the six month time limit of section 10(b), we find her cause of action is barred under *DelCostello*.

Affirmed.

**2.** We have previously held that *DelCostello* is to be applied retroactively. *Lincoln v. District*

9 of the International Association of Machinists, 723 F.2d 627 (8th Cir.1983).