C.L. CRAFT, Appellant,

v.

AUTOMOTIVE, PETROLEUM & ALLIED INDUSTRIES EMPLOYEES UNION, LOCAL 618, et al., Appellees.

No. 84–2354.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 28, 1984.

Decided Feb. 15, 1985.

C.L. Craft, pro se.

John O. Harris, Chesterfield, Mo., for appellees.

Before McMILLIAN, JOHN R. GIBSON, and BOWMAN, Circuit Judges.

PER CURIAM.

C.L. Craft appeals pro se from the District Court's[1] entry of summary judgment against him in this hybrid section 301/fair representation case against his former employer, Jung Chevrolet (Employer) and his union, Local 618, Automotive, Petroleum & Allied Industries Employees Union (Union), 595 F.Supp. 670. For reversal Craft contends that the District Court erred in concluding that he filed the case after the applicable six-month statute of limitations had expired.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

On August 12, 1981 Craft's employer, Town & Country Ford, Inc.,[2] discharged him for insubordination. Craft informed the Union that he wanted to grieve the discharge. Under the applicable collective bargaining agreement the Union had five days after Craft received notice of the discharge to notify the Employer of its intent to grieve the discharge. Due to the Union's alleged failure to serve the Employer with a timely written copy of the grievance, the Employer refused to hear the grievance. The Union then brought an action in the United States District Court for the Eastern District of Missouri to compel the Employer to arbitrate the dispute over Craft's discharge. The District Court denied the request to compel arbitration, holding that the Union failed to notify the Employer in a timely manner of its intent to grieve the discharge.

On appeal this court reversed, holding that the District Court should not have decided whether the Union had timely notified the employer of its intent to grieve the discharge because that question was one of "procedural arbitrability," which only the arbitrator could decide. *Automotive, Petroleum & Allied Industries Employees Union, Local No. 618 v. Town & Country Ford, Inc.*, 709 F.2d 509, 514–15 (8th Cir. 1983). We then instructed the parties to submit the grievance to arbitration, noting that the arbitrator should decide whether the Union complied with the collective bargaining agreement's notice requirement. *Id.* at 515 & n. 6.

Pursuant to the grievance procedure set out in Article VI, Section 5 of the collective bargaining agreement the parties, on November 14, 1983, submitted the grievance to a mediation committee. The committee was unable to reach a majority decision on whether the Union had complied with the notice requirement. The Union informed Craft of this deadlock.

On November 22, 1983 David L. Lindsey, a Union business representative held a meeting to decide whether the Union

should strike because of the deadlock. Article VI, Section 6 of the collective bargaining agreement states that in the event that the mediation committee is unable to arrive at a majority decision within the prescribed time, either party may after twenty days notice to the other party cause lockouts or engage in strikes, stoppages or suspensions of work. At the meeting the Union members, including Craft, were asked secretly to vote on whether to strike. The members voted four to one not to strike. Lindsey then informed Craft of the outcome of the vote and stated that the Union could take no further action on his grievance. On December 1, 1983 Lindsey sent Craft a letter reiterating the Union's position on his grievance.

On June 15, 1984 Craft filed this action pro se in the District Court alleging that his employer had discharged him in violation of the collective bargaining agreement and that his union did not represent him fairly in his effort to grieve the discharge. The defendants, Jung Chevrolet and the Union, both filed motions for summary judgment arguing that Craft brought the action after the applicable six-month statute of limitations had expired. The District Court granted the motions, finding that the statute of limitations began to run at the latest on December 1, 1983, and that Craft's June 15, 1984 filing therefore was late. This appeal followed.

Craft first argues that the District Court erred in applying the six-month statute of limitations announced in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) to his case because *DelCostello* is factually distinguishable. Craft emphasizes that he never received a written notice of the mediation committee's final decision whereas the employee in *DelCostello* did receive such a notice. Craft adds that the committee should not have examined whether the Union timely notified the employer of its intent to grieve the discharge

---

**2.** On February 1, 1982 Town & Country Ford changed its name and dealership to Jung Chev-
rolet. The relationship of the employer and the Union remained the same after the change.

because this court already decided that question in his favor. Craft also states that this court ordered the committee to decide the merits of his grievance.[3]

■ In *DelCostello* the Supreme Court held that the six-month statute of limitations set forth in section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to hybrid § 301 fair representation claims such as the one raised in the present case.[4] 103 S.Ct. at 2285. It is well-settled that hybrid section 301/fair representation claims accrue on the date the employee's grievance is finally rejected and his contractual remedies are exhausted. *Butler v. Local Union 823, International Brotherhood of Teamsters,* 514 F.2d 442, 449–50 & n. 11 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975). When a grievance is "finally rejected," and when an employee has exhausted his contractual remedies obviously will vary depending upon the facts in any given case. *See Wilcoxen v. Kroger Food Stores,* 723 F.2d 626 (8th Cir.1983) (statute of limitations in hybrid § 301/fair representation case began to run when union denied employee's grievance). In this case Craft's grievance was finally rejected and his contractual remedies were exhausted when the Union members decided not to strike. Craft was notified of the no strike vote and was told that the Union could not pursue his grievance any further on November 22, 1983. He was again informed of the Union's position in a letter dated December 1, 1983. The District Court found that Craft's cause of action accrued on December 1, 1983 at the latest, and that the six-month statute of limitations expired before he brought suit in the District Court on June 15, 1984. Craft's attempt to distinguish *DelCostello* from his case is not persuasive. Whether or not he received written notice of the mediation committee's deadlock is irrelevant; under the applicable grievance procedure his final contractual remedy was to urge the Union to strike on his behalf. After exhausting this final remedy his cause of action accrued.

■ Craft also argues that the District Court erred in finding that his cause of action accrued when he was notified of the strike vote because although Article VI, Section 6 of the agreement provides that a union may strike if the mediation committee cannot arrive at a majority decision, the collective bargaining agreement does not expressly authorize a strike vote. Craft's argument misses the point. His contention that the process used by the Union to reach its decision not to strike was impermissible does not affect the fact that his claim accrued when the Union refused to process his grievance any further, regardless of the manner in which the Union reached that decision. At that point, Craft knew that he had exhausted his contractual remedies.

We hold that the District Court did not err in concluding that there is no genuine issue of material fact regarding the statute of limitations question and that the Union and Employer are entitled to judgment as a matter of law. Accordingly, we affirm the District Court's grant of summary judgment against Craft.

---

3. Craft has misread our prior decision. We did not decide the notice question in his favor, but rather held that the notice question must be resolved by the arbitrator, (*i.e.* the mediation committee). *See* 709 F.2d at 515 n. 6.

4. This Court held that *DelCostello* applies retroactively in *Lincoln v. District 9, International Association of Machinists,* 723 F.2d 627 (8th Cir.1983).