**James E. BARNETT, Sr., Plaintiff,**

v.

**INTERNATIONAL UNION, UNITED AUTOMOBILE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, and Ford Motor Company, Defendants.**

No. 81–0783–CV–W–1.

United States District Court,
W.D. Missouri, W.D.

April 11, 1985.

Buck, Bohm & Stein, Kansas City, Mo., for plaintiff.

Colbert & Fields, Kansas City, Mo., for Ford Motor Co.

Whiddle & Kraft, Kansas City, Mo., for UAW.

MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

This case pends on defendants' motions for summary judgment filed February 4,

1985.[1] Defendants contend that the decision of the Public Review Board (PRB)[2] to reinstate plaintiff's grievance is final and binding upon plaintiff[3] and that, additionally, plaintiff is time-barred under the six-month statute of limitations for hybrid § 301/fair representation litigation adopted in *Del Costello v. Teamsters,* 462 U.S. 151, 155, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983).

Plaintiff opposes defendants' revived, present motions for summary judgment and requests that the case be reinstated for "trial preparation and trial." For reasons stated, *infra,* defendants' motions for summary judgment will be granted.

There is no dispute as to the material facts necessary to rule defendants' motions. On July 23, 1982 the parties filed a stipulation of facts to which were attached and incorporated seven documentary exhibits. Both plaintiff and defendants rely on the stipulations in support and in opposition to the pending motions. Accordingly, we make the following findings of fact:[4]

1. Plaintiff's employment at Ford Motor Company's Claycomo, Missouri plant was terminated on May 5, 1980. (¶'s 3, 4).

2. Thereafter plaintiff's local union representative filed a timely written grievance. (¶ 6).

3. On or about July 1, 1980 Orville E. "Sonny" Caton, the Bargaining Chairman of plaintiff's local, withdrew the grievance. (¶ 7).

4. Sometime in September 1980, plaintiff inquired of Mr. Caton about the status of his grievance and Mr. Caton advised him that his grievance had been withdrawn. Plaintiff told Mr. Caton that he had not been aware of the withdrawal and asked "why his grievance had been withdrawn and could Mr. Caton send him a letter stating that it had been withdrawn." (¶ 8).

5. On October 14, 1980 plaintiff sent a certified letter to the local union "in regards to a phone call ... made on Thursday Oct. 8, 1980 in which at this time I spoke ... reference to the grievance that was filed about the middle of May 1980 [and] was withdrawn ... without my knowledge.... (¶ 9 and Exh. 5).

6. In "approximately October" 1980 plaintiff had conversations with the International Representative for the union, concerning the withdrawal of his grievance. "Mr. Bartlett proceeded to investigate both Mr. Barnett's grievance and its handling. (¶ 10).

7. On April 13, 1981, Mr. Bartlett advised Mr. Barnett by certified mail that his grievance had been withdrawn for lack of sufficient evidence to win the case." (¶ 10).

1. Defendants originally filed motions for summary judgment and supporting suggestions on August 6, 1982. On January 7, 1983 pursuant to agreement of the parties, this Court entered an order permitting plaintiff to pursue his available internal remedies and provided that "for good cause shown, this Court may reassert its jurisdiction ... at any time upon the application of any party." On November 9, 1984 plaintiff filed his application to the Court to reassert jurisdiction over this cause. Defendant Ford Motor Company filed suggestions in support of [original] motion for summary judgment or in the alternative to set briefing schedule on November 20, 1984 and on the same date defendant Union filed its application for status conference or in the alternative to set schedule for filing motion for summary judgment by defendants. Following conference with counsel for the parties, the parties proposed and this Court approved a briefing schedule which was completed on February 25, 1985.

2. The Public Review Board is a panel of seven individuals, established under Article 32 of the UAW constitution and serves as the forum of "ultimate resort" for appeals brought to it under provisions of the UAW constitution. Affidavit attached as Exh. C to defendant's sug. in support, of motion for summary judgment, filed August 6, 1982.

3. In pleadings filed November 20, 1984 defendant Ford inconsistently alleged that plaintiff failed to exhaust his administrative remedies under the collective bargaining agreement. Ford did not reiterate this contention in later pleadings and had it continued to assert the argument we would have found it to be without merit.

4. ¶ numbers refer to the paragraph in the stipulation providing the basis for the finding.

8. Plaintiff filed suit in the Circuit Court of Clay County, Missouri on August 10, 1981. (¶ 11).

Plaintiff's original suggestions in opposition to defendants' motions for summary judgment, filed August 20, 1982, conceded that "Plaintiff's cause of action accrued against both these Defendants when his grievance was withdrawn. *Butler v. Local Union 823*, 514 F.2d 442 (8th Cir.1975)." Furthermore, plaintiff states he "has no quarrel with Defendants' statement of the applicable [six months] statute of limitations [under *Del Costello, supra*]." Pl. Sug. in Op., filed Feb. 15, 1985 at 5.

Plaintiff now contends, however, that "[i]n view of the fact that Mr. Bartlett apparently had authority to re-open Plaintiff's grievance it was not until Plaintiff received Bartlett's letter of April 13, 1981, that he was finally notified that his grievance had been finally withdrawn. The statute of limitations, therefore, should run from April 13, 1981...." *Id.* at 6. Both defendants contend that, at the very latest, the cause of action accrued and the statute of limitations began to run when plaintiff became aware of the fact his grievance had, in fact, been withdrawn during the course of his September 1980 conversation with Mr. Caton.[5] The substance of that conversation was stated in paragraph 8 of the stipulation, upon which paragraph 4 of our findings of fact is based.

The dispositive issue is when plaintiff's cause of action accrued and the six-month statute began to run. The cause of action accrued no later than September 1980, the time when plaintiff learned his grievance had been withdrawn on or about July 1, 1980. It was not necessary for plaintiff to have been actually aware that he had a claim, let alone for him to have received the certified letter as contended by plaintiff.

To hold otherwise would extend limitation periods indefinitely. *Wilcoxen, supra.*

Here any question of plaintiff's knowledge is foreclosed by plaintiff's certified letter of October 14, 1980 which establishes that plaintiff was aware of and that he had again verbally complained to the local union bargaining chairman on October 8, 1980 in regard to the withdrawing of his grievance.[6] Under the facts agreed upon by the parties we find that plaintiff's cause of action accrued at the very latest on October 14, 1981, the date on which plaintiff stated in writing that he knew that his May 5, 1980 grievance had been withdrawn.

The period from October 14, 1980 until August 10, 1981 was longer than the six-month limit announced in *Del Costello.* Furthermore, it is clear that the six-month statute of limitations must be applied retroactively to causes of action which predate *Del Costello. See, e.g., Lincoln v. District 9, International Association of Machinists*, 723 F.2d 627 (8th Cir.1983); *accord, Craft, supra* at 803 n. 4.

Because we find and conclude that plaintiff's complaint is time-barred, we need not rule the other grounds alleged in defendants' motion to dismiss.

Accordingly, it is

ORDERED that defendants' motions for summary judgment should be and are hereby granted.

---

**5.** *Butler, supra* at 449–50; *Wilcoxen v. Kroger Food Stores*, 723 F.2d 626, 627 (8th Cir.1983) (citing *Butler*). *Craft v. Automotive Petroleum & Allied Industries Employees Union Local 618*, 754 F.2d 800, 803 (8th Cir.1985), is the latest case which applies *Butler* and *Wilcoxen.*

**6.** *Gustafson v. Cornelius Co.*, 724 F.2d 75, 79 (8th Cir.1983), held that under the analysis in *Butler*, the appellant's cause of action against both his employer and his union accrued when the union decided not to pursue appellant's grievance about his discharge. The court took judicial notice of appellant's unfair labor practice charge and the date therein on which appellant charged the union decided not to pursue his grievance. *Id.*