Dana HARRIS, et al., Plaintiffs,

v.

CROWN ZELLERBACH CORP., et al., Defendants.

Joe CUSUMANO, et al., Plaintiffs,

v.

CROWN ZELLERBACH CORP., et al., Defendants.

Nos. 85–2101C(6), 85–2264C(6).

United States District Court,
E.D. Missouri, E.D.

March 10, 1986.

John K. Greider, Clayton, Mo., for plaintiffs.

Clyde E. Craig, John P. Emde, St. Louis, Mo., Earl J. Engle, Kansas City, Mo., for defendants.

## ORDER AND MEMORANDUM

GUNN, District Judge.

IT IS HEREBY ORDERED that defendant Local 688, International Brotherhood of Teamsters' motion for summary judgment on the ground that the action against it is barred by the statute of limitations is granted.

This action was brought by two discharged employees against their employer, Crown Zellerbach Corp., for breach of a collective bargaining agreement and against their union, Local 688, International Brotherhood of Teamsters, for breach of its duty of fair representation. On January 29, 1981, plaintiffs and nineteen other employees left their jobs before the end of their shift, telling their supervisor that they were leaving because they felt ill. The company discharged all twenty-one employees as a result of this action. Ten of the twenty-one discharged employees, including plaintiffs, were represented by the defendant union; the remaining eleven were members of another union.

Plaintiffs filed timely grievances with the union contesting their discharges. The union notified plaintiffs by letter dated March 26, 1981 that it determined that the grievances lacked merit and that the union would not proceed further. On October 22, 1982, following successful arbitration by the other union on behalf of the eleven discharged employees it represented, plaintiffs' union wrote to the company requesting reinstatement of the discharged employees it represented including plaintiffs. The company refused to do so. Thereafter, on several occasions plaintiffs wrote to and met with defendant union representatives requesting that the union talk to defendant company and get the discharged members reinstated. On March 19, 1985 the union notified plaintiffs that it would not request arbitration on their behalf. The instant lawsuit was filed on August 30, 1985 against the company and the union alleging that the company breached the collective bargaining agreement, in that plaintiffs' discharge was without just cause and that the union breached its duty of fair representation in its handling of the ensuing grievance process.

Now under consideration is defendant union's motion for summary judgment on the ground that the action against it is barred by the applicable six month statute of limitations. Defendant argues that plaintiffs' cause of action accrued on March 26, 1981 and is therefore time-barred; plaintiffs' position is that their cause of action accrued on March 19, 1985 and that their complaint is therefore timely.

Plaintiffs' suit against their employer rests on § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; the suit against the union rests on employee's im-

plied rights under the National Labor Relations Act, 29 U.S.C. §§ 151, *et seq.* In *Delcostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Supreme Court held that the six month statute of limitations set forth in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to such hybrid § 301/fair representation cases.[1] Hybrid § 301/fair representation claims accrue on the date the employee's grievance is finally rejected and his contractual remedies are exhausted. *Butler v. Local 823, International Brotherhood of Teamsters*, 514 F.2d 442 (8th Cir.), *cert. denied*, 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975); *Craft v. Automotive, Petroleum & Allied Industries Employees, Local 618*, 754 F.2d 800, 803 (8th Cir.1985). When a grievance is "finally rejected" and when an employee has exhausted his contractual remedies will vary depending upon the facts in any given case. *Id. See, e.g., Wilcoxen v. Kroger Food Stores*, 723 F.2d 626 (8th Cir.1983) (per curiam) (statute of limitations in hybrid § 301/fair representation case began to run when union denied employee's grievance).

In the present case the Court concludes that plaintiffs' cause of action accrued on March 26, 1981 when the union informed plaintiffs that it would not pursue their grievances with the company and that the six month statute of limitations ran on September 26, 1981. The subsequent actions of the union or the plaintiffs could not thereafter revive plaintiffs' cause of action. Thus this is not a case such as *Fransden v. Brotherhood of Railway, Airline & Steamship Clerks*, 782 F.2d 674 (7th Cir. 1986) wherein tolling of the limitations period during pursuit of intra-union grievance procedures is appropriate. Accordingly, defendant is entitled to judgment as a matter of law and its motion for summary judgment is granted.

1. The Court of Appeals for the Eighth Circuit held that *Delcostello* applies retroactively in *Lincoln v. District 9, Int'l Ass'n of Machinists*, 723 F.2d 627 (8th Cir.1983).