Cora **TRIPP**, Plaintiff,

v.

**ANGELICA CORPORATION**, et al., Defendants.

No. S 88–213 C(5).

United States District Court,
E.D. Missouri,
Southeastern Division.

Jan. 31, 1990.

James M. Martin, Martin & Malec, St. Louis, Mo., for plaintiff.

R. Michael Lowenbaum, Charles M. Poplstein and Harry W. Wellford, Jr., Thompson & Mitchell, St. Louis, Mo., for defendants.

## JUDGMENT AND ORDER

LIMBAUGH, District Judge.

This matter is currently before the Court on defendants Angelica Corporation and Faye Whitener's joint motion for summary judgment. Plaintiff initially filed a four-count complaint against her employer, her Union and her supervisor Faye Whitener. In Count II plaintiff alleged that her Union, the United Garment Workers of America, Local # 387, inadequately and wrongfully represented plaintiff in her grievance against her employer. This Court granted the Union's motion for summary judgment on December 20, 1989. In Count IV plaintiff alleged that her employer improperly submitted plaintiff's service letter. This Court denied defendant Angelica's motion for summary judgment on that count.

Now before the Court is defendant Angelica Corporation's motion for summary judgment on Count I, in which plaintiff alleges that Angelica breached her employment contract, and wrongfully discharged plaintiff. Also before the Court is defendant Faye Whitener's motion for summary judgment on Count III, in which plaintiff alleges slander and libel.

## I. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNT I

Defendant raises two grounds in support of its motion for summary judgment. First, defendant contends that plaintiff's cause of action is barred by the applicable statute of limitations. Second, defendant contends that plaintiff can no longer maintain Count I against the corporation since this Court has concluded that the Union did not fail to properly represent plaintiff in her grievance process. The Court finds that both grounds are well-taken.

Plaintiff brings Count I pursuant to Section 301 of the Taft Hartley Act. Under that section, an employee may sue her employer for breach of a collective bargaining agreement if the plaintiff can show that there was a breach of the collective bargaining agreement and that the union processed the employee's grievance in a bad faith, perfunctory, discriminatory or arbitrary manner, thereby breaching its duty of fair representation. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 165, 103 S.Ct. 2281, 2291, 76 L.Ed.2d 476 (1983); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 183–86, 87 S.Ct. 903, 913–14, 17 L.Ed.2d 842 (1967).

The law is clear that any action brought pursuant to section 301 must be initiated within six months from the date the cause of action arises. *DelCostello*, 462 U.S. at 172, 103 S.Ct. at 2294. A cause of action arises on the date that the employee's grievance is finally rejected and his contractual remedies are exhausted. *Craft v. Automotive, Petroleum & Allied Indus-*

*tries Employees Union,* 754 F.2d 800, 803 (8th Cir.1985). In other words, the time period begins to run on the date the union votes not to proceed to arbitrate a grievance. *Aarsvold v. Greyhound Lines, Inc.,* 724 F.2d 72, 73 (8th Cir.1983), *cert. denied,* 467 U.S. 1253, 104 S.Ct. 3538, 82 L.Ed.2d 842 (1985). Written notice is not required to commence the statute of limitations. *Craft,* 754 F.2d at 803.

In this action the Union voted not to take plaintiff's grievance to arbitration. The evidence is clear that the Union took the vote on June 22, 1988. Plaintiff does not dispute this date.

Plaintiff stated in her testimony that Powell, plaintiff's Union steward, called her the night of the vote, and informed plaintiff of the Union's decision not to arbitrate. Again, this occurred on June 22, 1988.

On June 29, 1988 the Union sent plaintiff a letter stating that the Union had voted and that it had decided not to arbitrate plaintiff's claim. Plaintiff then initiated this cause of action on December 29, 1989.

■ There can be no doubt that plaintiff's cause of action arose on June 22, 1988. Despite the fact that plaintiff did not receive formal notice until June 29, 1988, the decision not to arbitrate plaintiff's claim was made on June 22, 1988 and plaintiff was informed of the decision on that date. Plaintiff initiated this action six months and one week after her cause of action arose. Obviously, plaintiff's claim is therefore barred by the applicable statute of limitations. The Court will enter summary judgment accordingly.

In its December 20, 1989 Order, this Court denied the Union's motion for summary judgment on statute of limitations grounds. Upon further review of plaintiff's deposition testimony, however, the Court finds that the Union's motion for summary judgment should have been granted not only on the merits, but also on the grounds that plaintiff's claim against the Union was time-barred. Thus, the Court will enter an order *nunc pro tunc* to that effect.

■ Defendant's second ground for summary judgment is that plaintiff cannot meet the two-prong test set forth in *Vaca v. Sipes, supra.* In order for plaintiff to maintain an action against her employer under section 301 of the Taft Hartley Act, plaintiff must establish that there was a breach of the collective bargaining agreement and that the union processed the employee's grievance in a bad faith, perfunctory, discriminatory or arbitrary manner and thereby breached its duty of fair representation. *Vaca,* 386 U.S. at 186, 87 S.Ct. at 914. In order to prevail, plaintiff must establish both of these conditions.

On December 20, 1989 this Court granted defendant Union's motion for summary judgment. In granting summary judgment this Court concluded that the Union did not process plaintiff's grievance arbitrarily, discriminatorily, in bad faith or in a perfunctory manner.

Absent a finding that the Union breached its duty of fair representation, plaintiff cannot prevail against the defendant employer. *Vaca v. Sipes,* 386 U.S. at 186, 87 S.Ct. at 914. Because plaintiff has failed to prove that her Union breached its duty to fairly represent her, she may not pursue this claim against her employer for breach of contract. Accordingly, the Court will grant defendant's motion for summary judgment on this ground, also.

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNT III

The Court finds that defendant Whitener's motion for summary judgment as to Count III is well-taken. Furthermore, plaintiff has failed to oppose the arguments raised by defendant Whitener in her motion. The Court will grant defendant Whitener's motion for summary judgment for the reasons stated in defendant's memorandum in support of her motion for summary judgment.

Upon the issuance of this order, judgment will have been entered in favor of defendants and against plaintiff on Counts I, II and III of plaintiff's complaint. Only plaintiff's fourth count remains, and will proceed to trial on the merits.

Accordingly,

IT IS HEREBY ORDERED that defendant Angelica Corporation's motion for summary judgment on Count I is GRANTED both on the merits and because plaintiff's claim is barred by the statute of limitations.

IT IS FURTHER ORDERED *nunc pro tunc* that defendant Union's motion for summary judgment is GRANTED on the grounds that plaintiff's cause of action is barred by the statute of limitations.

IT IS FURTHER ORDERED that defendant Whitener's motion for summary judgment on Count III is GRANTED.

IT IS FINALLY ORDERED, ADJUDGED, and DECREED that judgment is hereby entered in favor of defendants and against plaintiff on Count I and Count III.