**Cora M. TRIPP, Appellant,**

v.

**ANGELICA CORPORATION, a Missouri corporation, United Garment Workers of America, AFL–CIO Local 387, and Faye Whitener, Appellees.**

No. 90–1455.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided Dec. 26, 1990.

James M. Martin, St. Louis, Mo., for appellant.

Bruce C. Cohen, St. Louis, Mo., for appellees.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Cora M. Tripp appeals from a final order entered in the District Court [1] for the Eastern District of Missouri, granting summary judgment in favor of the appellees. For the reasons discussed below, we affirm the judgment of the district court.

Appellant was employed with the Angelica Corporation (Angelica) for over 35 years as a sewing machine operator. She was also a member of the United Garment Workers of America, A.F.L.–C.I.O., Labor Local # 387 (Union), which was a party to the collective bargaining agreement with Angelica.

On December 7, 1987, Tripp removed an unfinished apron from a table and placed it in her personal chair pocket. A supervisor, Faye Whitener, confronted Tripp about the apron. Tripp admitted to taking it but stated that she was going to use it for a pattern. Whitener informed her supervisors, and Tripp was subsequently discharged for violating company policy.

Tripp filed a grievance with her union which was denied January 14, 1988. She also met with the Union's counsel who ad-

---

\* The Honorable WILLIAM C. HANSON, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The Honorable Stephen P. Limbaugh, United States District Judge for the Eastern District of Missouri.

vised her it was not likely her case would go to arbitration due to lack of funds. The Union voted on June 22, 1988, not to take her cause to arbitration. Late that evening Tripp was telephoned by another union member informing her of the vote. Tripp received a letter June 29, 1988, stating that the Union would not take her cause to arbitration.

Appellant filed suit in federal district court on December 29, 1988. She asserted claims against her employer for wrongful discharge as well as a pendent state law claim of slander and libel. She also filed a claim against the Union for breach of duty of fair representation for refusing to take her grievance to arbitration. In March of 1989, both Angelica and the Union moved to dismiss the complaint or in the alternative, for summary judgment.

On December 20, 1989, the district court granted summary judgment in favor of the Union, holding that there was no breach of duty of fair representation by the Union. In January 1990, the district court granted Angelica's motion and entered an Order Nunc Pro Tunc in favor of the Union, finding that Tripp's cause of action was also barred by the statute of limitations. 731 F.Supp. 918. Tripp appeals these orders.

### Statute of Limitations

█ A cause of action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, must be filed within six months after the claim arises. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 170, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983). That claim arises on the date the union decides not to pursue the employee's grievance regarding the discharge. *Gustafson v. Cornelius*, 724 F.2d 75, 79 (8th Cir.1983).

█ In this case, appellant asserts that while the decision to not pursue her grievance was made on June 22, 1988, she did not receive notice of the decision until June 29, 1988. On that day she received a letter from the Union confirming that the action would not go to arbitration.

We disagree with this argument. *Gustafson* holds that the cause of action begins

to run on the date the union first "engaged in the acts of unfair representation in the grievance process." *Gustafson* at 79, quoting *Butler v. Local Union 823, International Brotherhood of Teamsters*, 514 F.2d 442, 449 (8th Cir.1975). In the case of *Craft v. Automotive Petroleum & Allied Industries Employees Union, Local 618*, 754 F.2d 800 (8th Cir.1985), the court found the grievance was finally rejected and remedies exhausted when the union members voted not to strike, not when the employee received notice of the union's vote. *Craft* at 803. "Whether or not he received written notice of the mediation committee's deadlock is irrelevant." *Id.*

According to *DelCostello* and *Craft*, Tripp's cause of action accrued on June 22, 1988, the day the Union voted not to accept her grievance and her contractual remedies were exhausted.

The district court was correct in its determination of the statue of limitations issue.

### Substance of § 301 Claim

An employee may sue her employer under section 301 of the Labor Management Relations Act, 29 U.S.C. section 185, if she can prove there was a breach of the collective bargaining agreement and that the union breached its duty of fair representation. *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). Because the district court had already granted summary judgment for the Union concluding that there was no breach of fair representation, appellant could not maintain her section 301 action. Thus, it is appropriate to grant summary judgment in favor of appellees on this issue.

### Slander and Libel Claim

The district court granted summary judgment dismissing the pendant state claims of slander and libel against Tripp's supervisor, Faye Whitener. Appellant did not raise this issue in her brief or in oral argument, nor did appellees discuss the merits of these claims. Therefore, appel-

lant waived the issue and the district court's order is not disturbed.

Accordingly, we affirm.