Baron L. GUSTIN, Plaintiff,

v.

McDONNELL DOUGLAS CORP. and District Lodge No. 837, International Association of Machinists and Aerospace Workers, AFL–CIO, and International Association of Machinists and Aerospace Workers, AFL–CIO, Defendants.

No. 91–0399C(5).

United States District Court, E.D. Missouri, E.D.

Nov. 13, 1991.

Gerald Tockman, St. Louis, Mo., for plaintiff.

Dennis C. Donnelly, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for McDonnell Douglas Corp.

Jerome A. Diekemper, Diekemper, Hammond, Shinners, Turcotte and Larrew, St. Louis, Mo., for District Lodge No. 837.

MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff has filed a § 301 hybrid wrongful discharge/breach of duty of fair representation claim against his former employer, McDonnell Douglas and his union, District Lodge No. 837, IAM, AFL–CIO (Union). Defendants have filed a motion for summary judgment alleging that plaintiff's claim is barred by the applicable six-month statute of limitations. In addition, defendants aver that there are no genuine issues of material fact regarding plaintiff's termination for just cause and the Union's right not to arbitrate plaintiff's grievance. Defendant Union has filed a separate motion to strike regarding plaintiff's references in his summary judgment response and his affidavit to plaintiff's unemployment compensation hearing and appeal.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null,* 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Co-op. Inc.,* 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. *Mt. Pleasant,* 838 F.2d at 273. After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). In-

stead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

On August 3, 1990 plaintiff telephoned defendant McDonnell Douglas and requested a leave of absence for medical reasons. Plaintiff had a note from his doctor which indicated that plaintiff was unable to work from August 2, 1990 "through" August 13, 1990. There is a difference of opinion as to what exactly plaintiff told the intake person at McDonnell Douglas leave of absence office. However, the Report of Absence form notes that plaintiff's first day of absence was August 2, 1990 and he was to return to work on August 13, 1990. Plaintiff returned to work on August 14, 1990.

Upon returning to work on August 14, 1990 plaintiff's employment was terminated for violation of Article VII, Section 8 of the Articles of Agreement between defendants McDonnell Douglas and the Union (commonly referred to as the Collective Bargaining Agreement) which states:

> "Employees not returning during the first four (4) hours of their first regular shifts following the expiration of their leaves of absence shall be considered to have quit voluntarily. Extenuating circumstances will be considered by the Company."

The termination of plaintiff's employment was considered effective August 13, 1990.

Shop Steward Jim LeRoy filed a grievance with defendant McDonnell Douglas. A grievance hearing was held on August 17, 1990 at which plaintiff attended, as well as Jim LeRoy and Joe Edwards (Union Business Representative). At the grievance hearing Jim LeRoy and Joe Edwards attempted to persuade the McDonnell Douglas representatives to reinstate plaintiff but were unsuccessful. On August 20, 1990 Joe Edwards "signed off" on plaintiff's grievance form indicating that the Union would not pursue the matter any further. The next step the Union could have taken was arbitration of plaintiff's grievance, which it chose not to do. Plaintiff next sought assistance through the Corporate Ombudsman Office. The Corporate Ombudsman Office acts as a conduit for employees' complaints. It is independent of all collective bargaining agreements and has no decision-making powers regarding employment. On September 17, 1990 the Corporate Ombudsman informed plaintiff, by letter, that the discharge was justified.

On September 25, 1990 plaintiff filed a complaint with the National Labor Relations Board (NLRB) in which he stated that "since about August 17, 1990" the Union had failed and refused to properly represent plaintiff in processing his discharge grievance. On September 26, 1990 plaintiff filed another complaint with the NLRB alleging that McDonnell Douglas had discriminatorily fired him because of his union membership. The NLRB investigated the circumstances of plaintiff's complaints and informed him by letter, dated October 19, 1990, that there was insufficient evidence to warrant further proceedings on plaintiff's charges.

On February 27, 1991 plaintiff filed this hybrid § 301 complaint alleging wrongful discharge and breach of duty of fair representation.

The law is clear that a cause of action under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 must be filed within six months after the claim arises. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S.

151, 170, 103 S.Ct. 2281, 2293–94, 76 L.Ed.2d 476 (1983). The law is equally clear, in this Circuit, that a hybrid § 301 claim arises on the date the union decides not to pursue the employee's grievance regarding the discharge. *Tripp v. Angelica Corp.*, 921 F.2d 794, 795 (8th Cir.1990); *Craft v. Automotive, Petroleum & Allied Industries Employees Union, Local 618*, 754 F.2d. 800, 803 (8th Cir.1985); *Gustafson v. Cornelius Co.*, 724 F.2d. 75, 79 (8th Cir.1983).

■ It does not matter on what date plaintiff contends his discharge was final. What is controlling is the date the Union decided not to pursue his grievance any further. This date is undeniably August 20, 1990. Plaintiff asserts that he did not receive notice of the Union's decision not to arbitrate until August 27, 1990. However, when plaintiff received notice of the Union's decision is irrelevant; the cause of action accrues when the Union first "engaged in the acts of unfair representation in the grievance process". *Tripp*, at 795; *Craft*, at 803; *Gustafson*, at 79. In plaintiff's NLRB complaint, plaintiff himself cites the date of August 17, 1990 as when he felt the Union began to represent him unfairly. Alternatively, the date of August 20, 1990 also can be considered as the date plaintiff's cause of action accrued because this was when the Union clearly decided not to go to arbitration; a decision the plaintiff uses as part of the basis for this complaint.

Regardless of whether plaintiff's cause of action accrued on August 17, 1990 or August 20, 1990, both dates are more than six months before the date plaintiff filed suit in this Court. Consequently, plaintiff's complaint is time-barred and summary judgment will be granted for the defendants. Since plaintiff's complaint is time-barred, there is no need to consider the other points raised in defendants' summary judgment motion.