Ronald M. WAINSCOT, et al., Plaintiffs,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendants.

No. 92–1024–CV–W–1.

United States District Court, W.D. Missouri, W.D.

Sept. 10, 1993.

David F. Sexton, J.C. Hambrick, Kansas City, MO, for plaintiffs.

Donald Aubry, Jolley, Walsh and Hager, Robert J. Harrop, Gage and Tucker, Kansas City, MO, for defendants.

## ORDER

WHIPPLE, District Judge.

### I. *Introduction*

Plaintiffs brought this action pursuant to 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act), alleging that their employer, Jack Cooper Transport (hereafter "Employer") breached a collective bargaining agreement, and that the International Brotherhood of Teamsters (hereafter "Union") breached its duty of fair representation. Defendants seek summary judgment[1] contending that Plaintiffs' cause of action is barred by the six-month statute of limitations as adopted by the United States Supreme Court in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

After due consideration of the pleadings and suggestions submitted by both parties, the court rules that a genuine issue of material fact exists concerning the following: (1) the date upon which Plaintiffs' grievance was finally rejected; and (2) whether Defendants made representations to Plaintiffs sufficient to toll Plaintiffs' claim.

### II. *Standard for Summary Judgment*

A movant is entitled to summary judgment pursuant to Federal Rule of Civil Procedure 56(c), "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of proof. *Aetna Life Insurance Co. v. Great National Corp.*, 818 F.2d 19, 20 (8th Cir.1987).

After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the non-moving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

When considering a motion for summary judgment, the court must scrutinize the evidence in the light most favorable to the non-moving party, according the non-moving party the benefit of every factual inference. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). In addition, the court is required to resolve all doubts as to the facts or existence of any material fact against the moving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the court turns to an examination of the facts.

### III. *Findings of Fact*

Prior to September of 1991, Defendant Employer employed a group of drivers at its Leeds facility, and a group of drivers at its Fairfax facility. Both operations involved hauling automobiles for General Motors Corporation, but each constituted a separate facility with separate seniority lists. Local 41 of Defendant Union represented the employees at both facilities. The "National Master Automobile Transporters Agreement" and the "Southern Conference Areas Supplemental Agreements" (hereafter "Collective Bargaining Agreement") were the collective bargaining agreements governing relations between Defendant Employer and its employees.

Prior to July 23, 1991, Defendant Employer announced that effective September, 1991, it would close the Leeds facility and thereaf-

---

1. Defendant International Brotherhood of Teamsters, Local # 41 filed its motion on May 18, 1993. Defendant Jack Cooper Transport Company filed its motion on May 26, 1993. Plaintiffs filed suggestions in opposition to the former on June 14, 1993, and to the latter on June 28, 1993.

Defendant Union filed reply suggestions on July 16, 1993, and amended reply suggestions on August 31, 1993. Plaintiff filed a response to the court's August 16, 1993 order on September 1, 1993.

ter perform all of the General Motors work out of its Fairfax facility. Pursuant to the terms of the Transporters Agreement, Defendant Employer and Defendant Union presented a joint request to the National Automobile Transporters Joint Arbitration Committee (hereafter "Joint Arbitration Committee") to ascertain the seniority rights of the affected drivers in light of the closing of the Leeds facility and the transfer of work to the Fairfax facility. The Joint Arbitration Committee, an arbitration panel composed of an equal number of union and management representatives, heard the request at its meeting in Boston, Massachusetts on July 23, 1991.

After hearing the positions of the parties and all the evidence presented, the Joint Arbitration Committee issued a seniority decision which was posted at the Fairfax facility. Plaintiffs, drivers at the Fairfax facility, filed grievances in September or early October, 1991. The grievances were consolidated and heard by the Joint Arbitration Committee at its meeting in Grenelefe, Florida on October 21–23, 1991. The motion adopted by the Joint Arbitration Committee (hereafter "Motion"), denying the Plaintiffs' grievance, was posted at the Fairfax facility in early November, 1991.

Defendants argue that either October 21, 1991 [2] or early November of 1991 marks the date Plaintiffs' action accrued. To support such proposition, Defendants point to Article 7, § 8(e) of the Collective Bargaining Agreement which provides, "[a]ny decision of the Joint Arbitration Committees shall be final and binding upon the Employer, the Local Union, and the employees."

In contrast, Plaintiffs contend the decision was not final until, at the earliest, October of 1992 when directly told by Defendants that the decision was final and binding. Plaintiffs point to a May 26, 1992 letter from Ernest R. Tusino, Joint Arbitration Committee co-chairman, to Plaintiff Richard Hancox which provided in part:

> The Committee in its wisdom felt this was the best decision for all concerned. We just spent another day on the same decision trying to work out an agreement. However, as of this date we have not come to a conclusion.... Hopefully, it will all work out. The decision was not made to hurt anyone but to help solve the problem.... I hope we will resolve this problem soon.

Plaintiffs also rely on an affidavit in which Plaintiff David Dawson alleges in paragraph three:

> All the drivers and grievants were told that no final decision had been made and would be made soon. That position continued through and after the letter by Mr. Tusino dated May 26, 1992. All Fairfax drivers were aware of that letter.

Plaintiffs' Complaint was filed on November 9, 1992. Thus, in order to rule on the present motion, the court must first, determine the date on which Plaintiffs' action began to accrue, and second, whether it was tolled by Defendants' representations that they did not treat the Motion as a final rejection of Plaintiffs' grievance.[3]

## IV. Conclusions of Law

### A. Accrual of Action

 It is well established that the six-month statute of limitations contained in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to hybrid § 301 claims such as the one raised in the present case. *DelCostello*, 462 U.S. at 155, 103 S.Ct. at 2285; *Tripp v. Angelica Corp.*, 921 F.2d 794, 795 (8th Cir.1990). However, *DelCostello* failed to expressly address the issue of when such actions accrue. In the Eighth

---

2. Apparently Defendants view October 21, 1991 as the date the Joint Arbitration Committee issued the Motion. However, the record does not indicate the exact date of such. A determination of this is not relevant to the court's holding. For the sake of convenience in drafting this Order, the court will accept Defendants' assertion.

3. Defendants forcefully argue that Plaintiffs made a number of judicial admissions in their First Amended Complaint as to the Plaintiffs' knowledge, six months prior to the date of Plaintiffs' Complaint, that the October 21, 1991 Motion by the Joint Arbitration Committee constituted a final rejection of Plaintiffs' grievance. The court makes note of Plaintiffs' inartful pleading, but declines to view such statements as sufficiently definite so as to constitute judicial admissions on this issue.

**522**

Circuit, a § 301 cause of action accrues when the employee's grievance is "finally rejected and his contractual remedies are exhausted." *Craft v. Automotive, Petroleum & Allied Industries Employees Union*, 754 F.2d 800, 803 (8th Cir.1985); *accord Tripp*, 921 F.2d at 795 (action accrues "when the union decides not to pursue the employee's grievance").

Thus, according to the terms of the Collective Bargaining Agreement, Plaintiffs' action accrued on October 21, 1991, and is barred by the statute of limitations. *See Branch v. American Freight, Inc.*, 586 F.Supp. 184 (W.D.Mo.1983) (action accrued on date of grievance committee's ruling because collective bargaining agreement stated such was final and binding on the parties.) However, if additional negotiations and discussions were taking place, as alleged by Plaintiffs, then the Motion by the Joint Arbitration Committee did not constitute a final rejection of Plaintiffs' grievance.

On the other hand, the court notes that if such negotiations and discussions were merely attempts by Plaintiffs to persuade Defendants to reconsider their decision, then the Motion does in fact constitute a final decision, and Plaintiffs' action is time-barred. *Branch*, 586 F.Supp. at 186. The *Branch* court ruled that "to hold the date of reconsideration is the date of accrual could ... extend the permissible period for filing a § 301 suit indefinitely." *Id.* In a similar vein, a Kansas District Court opined that extending the accrual date based on a plaintiff's efforts to seek reconsideration:

"would clearly place the statute of limitations entirely under the control of the plaintiff thereby nullifying the effect of a standard statute of limitations for all hybrid § 301 claims and undermining the federal policy of favoring uniformity and the quick resolution of labor disputes." *Helms v. Yellow Freight System, Inc.*, 721 F.Supp. 277, 280–81 (D.Kan.1989).

Plaintiffs' action is also time-barred if the evidence presented at trial indicates that Plaintiffs knew or should have known that Defendants' motion was a final rejection of their claim. *Burnett v. Montgomery Ward & Co.*, 678 F.Supp. 1423, 1424–25 (W.D.Mo. 1988).

**B. Tolling of Action**

If the court were to determine that Plaintiffs' cause of action accrued on October 21, 1991, as alleged by Defendants, Plaintiffs action may, nonetheless, be saved by equitable tolling. *See, e.g., Butler v. Local Union 823*, 514 F.2d 442, 449 (8th Cir.1975) (stating that federal courts have the power to toll the statute of limitations in hybrid § 301 actions). If, as alleged by Plaintiffs, Defendants represented to Plaintiffs that Defendants were not treating said motion as a final rejection of Plaintiffs' claim, allowing Defendants to employ the statute of limitations to bar Plaintiffs' claim would constitute a manifest injustice.

This view is consistent with the policy behind equitable tolling described in *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232–34, 79 S.Ct. 760, 762, 3 L.Ed.2d 770 (1959), where Justice Black wrote:

[n]o man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse cases by both law and equity courts and has been employed to bar inequitable reliance on the statute of limitations ... The principle is that where one party has by his representations or his conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he would not in a court of justice be permitted to avail himself of that advantage. (quoted in *Hill v. Georgia Power Co.*, 786 F.2d 1071, 1076 (11th Cir.1986).

While the court was unable to locate any Eighth Circuit cases in which the court tolled the statute of limitations in a case such as the one at bar, the Western District has implied that such action may be appropriate in some circumstances. *Burnett*, 678 F.Supp. at 1429 (tolling was inappropriate because Plaintiffs did not rely on Defendant union's "assurances" that it was "pursuing the grievances.") Furthermore, the court finds persuasive the Eleventh Circuit's reasoning in *Hill*, 786 F.2d at 1071. In this case, the court interpreted *DelCostello* as mandating that the principles of equitable

tolling apply to § 301 hybrid actions.[4] *Id.* at 1076. The *Hill* court remanded the case to the district court to determine "whether the union, by its words and deeds, lulled [plaintiffs] into inaction, thus precluding summary judgment on statute of limitations grounds." *Id.* at 1077.

### V. *Conclusion*

The court determines that Plaintiffs must be given an opportunity to present evidence of Defendants' statements and conduct showing that the Motion did not constitute a final rejection of the Plaintiffs' grievance. Furthermore, Plaintiffs must be given the opportunity to prove that Defendants made representations to Plaintiffs sufficient to toll the statute of limitations. Accordingly, it is

ORDERED that Defendants' Motion for Summary Judgment is DENIED.

---

**4.** In addition, other circuits have tolled the statute of limitations in similar circumstances: *Aronsen v. Crown Zellerbach,* 662 F.2d 584 (9th Cir. 1981); *Naton v. Bank of California,* 649 F.2d 691 (9th Cir.1981); *Wilkerson v. Siegfried Insurance Agency,* 621 F.2d 1042 (10th Cir.1980); *Bonham v. Dresser Industries,* 569 F.2d 187 (3rd Cir. 1977); *Watkins v. Communications Workers of America,* 736 F.Supp. 1156 (D.D.C.1990); *Mason v. Continental Group, Inc.,* 569 F.Supp. 1241 (S.D.Ala.1983), *aff'd,* 763 F.2d 1219 (11th Cir. 1985).