**Donald S. GUSTAFSON, Appellant,**

**v.**

**The CORNELIUS COMPANY and the United Steelworkers of America and United Steelworkers of America Local Union No. 15199, Appellees.**

**No. 82–1199.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1982.

Decided Dec. 27, 1983.

---

**2.** *See Lincoln v. District 9 of the International Association of Machinists,* 723 F.2d 627 (8th Cir.1983).

William D. Schutter, of Babcock, Locher, Neilson & Mannella, Blaine, Minn., for Appellant.

Maslon, Edelman, Borman, Brand & McNulty, William Z. Pentelovitch, Minneapolis, Minn., for appellee Cornelius Co.

Richard J. Brean, Asst. Gen. Counsel, United Steelworkers of America, Pittsburgh, Pa., Jack G. Engberg, Peterson, Engberg & Peterson, Minneapolis, Minn., for Union appellees; Bernard Kleiman, Chicago, Ill., Robert M. Weinberg, David M. Silberman, Bredhoff & Kaiser, Washington, D.C., of counsel.

Before ROSS, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

McMILLIAN, Circuit Judge.

Donald S. Gustafson appeals from a final judgment entered in the District Court for the District of Minnesota dismissing his suit brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against his former employer, The Cornelius Co. (employer), and his union, Steelworkers Local Union No. 15199 (union), as untimely filed.[1] Following oral arguments and on the court's own motion, the submission of the case was held in abeyance pending the Supreme Court's decision in *DelCostello v. International Brotherhood of Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (decided June 8, 1983). For the reasons discussed below, we affirm the judgment of the district court.

Appellant was discharged by the employer on May 8, 1979, for allegedly falsifying time records. At the time of discharge appellant was covered by a collective bargaining agreement which prohibited discharge except for just cause and established grievance and arbitration procedures. Appellant protested his discharge and requested the union to file a grievance on his behalf. The union decided not to pursue the grievance and the discharge was never submitted to arbitration.

On August 14, 1981, appellant filed this suit in federal district court, pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against the employer for wrongful discharge and against the union for breach of the duty of fair representation[2] in refusing to process his grievance. Appellant sought reinstatement and compensatory and punitive damages. Both the employer and the union moved to dismiss the action as untimely filed. The district court agreed and granted the motions to dismiss. The district court rejected appellant's argument that the applicable statute of limitations was Minnesota's six-year statute of limitations for contract actions,

---

1. *Gustafson v. Cornelius Co.,* No. Civ–3–81–620 (D.Minn. Jan. 8, 1982).

2. The union's duty of fair representation is implicit in the National Labor Relations Act. As explained by Justice Brennan in *DelCostello v. International Bhd. of Teamsters,* 103 S.Ct. 2281, 2290 n. 14, 76 L.Ed.2d 476 (1983), *citing Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 909, 17 L.Ed.2d 842 (1967):

    The duty of fair representation exists because it is the policy of the National Labor Relations Act to allow a single labor organization to represent collectively the interests of all employees within a unit, thereby depriving individuals in the unit of the ability to bargain individually or to select a minority union as their representative. In such a system, if individual employees are not to be deprived of all effective means of protecting their own interests, it must be the duty of the representative organization "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."

Minn.Stat.Ann. § 541.05(1) (West Supp. 1983),[3] and instead determined that Minnesota's two-year statute of limitations for wage claims, *id.* § 541.07(5),[4] was the applicable statute of limitations and controlled both the claim against the employer and the union. *Gustafson v. Cornelius Co.,* No. Civ–3–81–620, slip op. at 3–4 (D.Minn. Jan. 8, 1982) (*citing Butler v. Local Union 823, International Brotherhood of Teamsters,* 514 F.2d 442, 448 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975)).

This appeal followed. For reversal appellant argues the district court erred in refusing to apply the Minnesota six-year statute of limitations for contract actions.

The Supreme Court in *DelCostello* held that the six-month statute of limitations set forth in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b),[5] applies to "hybrid § 301/fair representation" claims

like the present case. 103 S.Ct. at 2287–94. The Court first noted that the issue had not been decided in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), in which the Court held that a similar action was governed by a state statute of limitations for vacation of an arbitration award. The Court in *DelCostello* stated:

> First, our holding [in *Mitchell*] was limited to the employee's claim against the employer; we did not address what state statute should govern the claim against the union. Second, we expressly limited our consideration to a choice between the two *state* statutes of limitations; we did not address the contention that we should instead borrow a *federal* statute of limitations, namely, § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).

103 S.Ct. at 2285 (footnotes omitted; emphasis in original).[6]

---

3. Minn.Stat.Ann. § 541.05(1) (West Supp.1983) provides: "Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within six years: (1) Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed."

4. *Id.* § 541.07(5) provides:

   Except where the uniform commercial code otherwise prescribes, the following actions shall be commenced within two years:

   . . . .

   (5) For the recovery of wages or overtime or damages, fees or penalties accruing under any federal or state law respecting the payment of wages or overtime or damages, fees or penalties. (The term "wages" means all remuneration for services or employment, including commissions and bonuses and the cash value of all remuneration in any medium other than cash, where the relationship of master and servant exists and the term "damages" means single, double, or treble damages, accorded by any statutory cause of action whatsoever and whether or not the relationship of master and servant exists). . . .

5. Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), provides in part: "[N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made . . . ."

6. In *Mitchell* only the employer sought certiorari and the question presented in the petition for certiorari was phrased in terms of which *state* statute of limitations was applicable. The applicability of § 10(b) was not raised below but was raised by an *amicus* before the Court. *United Parcel Serv., Inc. v. Mitchell,* 451 U.S. 56, 60 & n. 2, 101 S.Ct. 1559, 1562 & n. 2, 67 L.Ed.2d 732 (1981); *id.* at 64–65, 101 S.Ct. at 1564–65 (Blackmun, J., concurring); *id.* at 71–75 & n. 1, 101 S.Ct. at 1568–70 & n. 1 (Stevens, J., concurring in part and dissenting in part). Justice Stewart raised the § 10(b) question and expressly argued in favor of its application to hybrid § 301/fair representation actions. *Id.* at 65–71, 101 S.Ct. at 1565–68 (Stewart, J., concurring in the judgment).

   The Court in *DelCostello* also distinguished an earlier statute of limitations case, *United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), in which the Court held that an action under § 301 for breach of a collective bargaining agreement by an employer was governed by a state statute of limitations for actions on unwritten contracts. The Court characterized the *Hoosier Cardinal* action as a straightforward suit under § 301 brought by the union itself which did not involve any agreement to arbitrate and noted that the question of the application of state law in other § 301 actions had been expressly reserved in *Hoosier Cardinal. DelCostello v. International Bhd. of Teamsters,* 103 S.Ct. at 2289, *citing United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. at 705 n. 7, 86 S.Ct. at 1113 n. 7.

The question of the applicable statute of limitations arises because there is no federal statute of limitations expressly applicable to hybrid § 301/fair representation suits. The question is generally answered by assuming Congress intended that the courts should apply the most closely analogous statute of limitations under state law.[7] *Id.* at 2287, *citing Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946).

In some circumstances, however, state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law. In those instances, it may be inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law....

Hence, in some cases [the Supreme Court has] declined to borrow state statutes but [has] instead used timeliness rules drawn from federal law—either express limitations periods from related federal statutes, or such alternatives as laches.

103 S.Ct. at 2289.

The Court in *DelCostello* reviewed the nature and function of a hybrid § 301/fair representation suit in the context of federal labor relations law. The Court acknowledged that the closest state law analogy for the employee's claim against the employer under § 301 was an action to vacate an arbitration award in a commercial setting, *id.* at 2291, and that the closest state law analogy for the employee's claim against the union for breach of its duty of fair representation was an action for legal or professional malpractice. *Id.* at 2292, *citing United Parcel Service, Inc. v. Mitchell,* 451 U.S. at 72–75, 101 S.Ct. at 1569–70 (Stevens, J., concurring in part and dissenting in part). The Court concluded, however, that "the state limitations periods for vacating arbitration awards [and for bringing legal malpractice actions] fail to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights under § 301 and the fair representation doctrine." 103 S.Ct. at 2291 (footnote omitted), 2292–93. Application against employers of the very short time period provided in state arbitration statutes would not allow the employee, who is often "unsophisticated in collective-bargaining matters," enough time to "evaluate the adequacy of the union's representation, to retain counsel, to investigate substantial matters that were not at issue in the [grievance or] arbitration proceeding, and to frame his [or her] suit." *Id.* at 2291.[8] On the other hand, application of the generally longer malpractice time periods against unions was inconsistent with "the relatively rapid final resolution of labor disputes favored by federal law." *Id.* at 2292.

Faced with these objections to the application of *state* statutes of limitations, the Court decided to apply the six-month statute of limitations provided in § 10(b) of the National Labor Relations Act for unfair labor practice charges. *Id.* at 2293. The Court described the National Labor Relations Act as "a statute that is, in fact, an analogy to the present lawsuit more apt than any of the suggested state-law parallels." *Id.* (footnote omitted). The Court stressed the close similarity of the employee's rights at issue and the factors relevant to the choice of a statute of limitations in both unfair labor practice charges and hybrid § 301/fair representation suits. *Id.* at 2293–94, *citing United Parcel Service, Inc. v. Mitchell,* 451 U.S. at 70–71, 101 S.Ct. at 1568 (Stewart, J., concurring in the judgment).

Here, the district court found that, under Minnesota law, appellant's claim against the employer was most closely analogous to a claim for lost wages and that the claim accrued on the date of discharge, May 8,

---

7. The search for the most closely analogous state statute of limitations often presents difficult question of state law, as illustrated by the present case.

8. In addition, the Court noted that the relief available to the employee would be sharply restricted by the employee's failure to file a timely action against the employer. *DelCostello v. International Bhd. of Teamsters,* 103 S.Ct. at 2292 & n. 17.

1979. *Gustafson v. Cornelius Co.,* slip op. at 3, *citing Roaderick v. Lull Engineering Co.,* 296 Minn. 385, 208 N.W.2d 761 (1973). Although the district court did not expressly state when appellant's claim against the union accrued, the court must have assumed the claim accrued sometime before August 14, 1979, because the court found the claim barred by Minnesota's two-year statute of limitations for wage claims. *Gustafson v. Cornelius Co.,* slip op. at 4–5. The district court's analysis of when appellant's cause of action accrued is inconsistent with *Butler v. Local Union 823, International Brotherhood of Teamsters,* 514 F.2d at 448–50. In *Butler,* which also involved determining what statute of limitations applied to a hybrid § 301/fair representation suit, this court held that the employee's cause of action against the union could not accrue until the union "engaged in the acts of unfair representation in the grievance process." *Id.* at 449. The court also held that the employee's cause of action against the employer could not accrue until the union's acts of unfair representation had taken place because the union's unfair representation was the necessary condition precedent to the employee's suit. *Id.* at 449–50 & n. 11.[9]

Thus, under the analysis set forth in *Butler v. Local Union 823, International Brotherhood of Teamsters,* appellant's cause of action against his employer and his union accrued when the union decided not to pursue appellant's grievance about his discharge. As noted by the district court, the date the union decided not to pursue appel-lant's grievance is unclear from the record. Ordinarily we would remand the case to the district court for further findings. However, the union has filed a motion urging this court to take judicial notice of the fact that on July 20, 1979, appellant filed an unfair labor practice charge with the local NLRB office alleging the union had breached its duty of fair representation on or about May 8, 1979, by wrongfully refusing to pursue his grievance about his discharge. In support of the motion the union submitted a photocopy of appellant's unfair labor practice charge. The union argues that, by taking judicial notice of the unfair labor practice charge, this court can itself determine the date on which appellant's cause of action accrued and affirm the district court's dismissal of the complaint as untimely filed without remanding the case.

We believe that it is appropriate to take judicial notice of the unfair labor practice charge in the present case. An appellate court may take judicial notice of a fact for the first time on appeal. *See* 21 C. Wright & K. Graham, Federal Practice and Procedure § 5110, at 524–25 (1977 & Supp. 1982). According to the unfair labor practice charge, the union decided not to pursue appellant's grievance about his discharge on or about May 8, 1979.[10] This is also the date appellant was discharged. However, appellant's cause of action accrued on May 8, 1979, because that is the date the union "engaged in the acts of unfair representation in the grievance process," *Butler v.*

---

**9.** The court advanced three reasons in support of the rule that the employee's cause of action against the union and the employer accrues when the union commits the acts of unfair representation:

[First, in the absence of such a rule,] the employee's action against the union would persist after the action against the employer had expired....

Second, the underlying policies of federal labor law will not be furthered by enmeshing § 301 breach of contract actions in technicalities that operate to the disadvantage of plaintiffs who have acted entirely in good faith in following the contract's command that they first submit their grievance to the arbitration process....

Third, common sense indicates that there is no accrual until all facts exist so that the plaintiff can allege a complete cause of action. Those facts did not exist here until the union had acted unfairly in the processing of the grievance.

*Butler v. Local Union 823, Int'l Bhd. of Teamsters,* 514 F.2d 442, 450 (8th Cir.), *cert. denied,* 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975).

**10.** In the alternative, appellant's cause of action could be found to have accrued at the latest by July 20, 1979, the date the unfair labor practice charge was filed. Because appellant did not file his action until August 1981, appellant's action would still be barred by the six-month statute of limitations.

*Local Union 823, International Brotherhood of Teamsters,* 514 F.2d at 449, not because it is the date of discharge. Appellant did not file his action until August 14, 1981, more than two years and three months after the date of accrual. Appellant's action is barred by the six-month statute of limitations provided in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).[11]

Accordingly, the judgment of the district court dismissing appellant's action as untimely filed is affirmed.

---

**11.** This court held that *DelCostello* applies retroactively in *Lincoln v. District 9, International* *Ass'n of Machinists,* 723 F.2d 627 (8th Cir. 1983).