765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BURT R. SMITH, PLAINTIFF-APPELLANT,
v.
GRAND RAPIDS CITY COACH LINES INC., AMALGAMATED TRANSIT
UNION, LOCAL UNION 836, DEFENDANTS-APPELLEES.
 NO. 82-1812
 United States Court of Appeals, Sixth Circuit.
 5/2/85
 
 BEFORE: ENGEL and MARTIN, Circuit Judges; and TIMBERS, Senior Circuit Judge.*
 
 
 1
 The plaintiff appeals the summary judgment for the defendants in this action asserting wrongful discharge under Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, and breach of the Union's duty of fair representation. The appeal was referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the records and briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff was discharged from his employment as a bus driver on March 5, 1980. He requested his Union to file a grievance under the provisions of the collective bargaining agreement which provided ten days for doing so. Although the Union apparently held informal discussions with the employer, it never filed the requested grievance. Upon learning on August 20, 1980 that the Union could not proceed to arbitration because of the lapse of time, the plaintiff filed a charge of unfair labor practice with the NLRB, asserting a breach of the Union's duty of fair representation. The Regional director dismissed the charge on September 18, 1980. The plaintiff then filed the present hybrid Sec. 301/unfair representation action in state court on May 11, 1981. Upon its removal to the federal district court, the defendants moved for summary judgment on grounds the action was not timely filed under the six-month statute of limitations found in Sec. 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b). The district court agreed and this appeal followed.
 
 
 3
 The Supreme Court has since held in Del Costello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), that the Sec. 10(b) statute of limitations applies to all hybrid Sec. 301/unfair representation cases. Additionally, this Court held in Smith v. General Motors Corp., 747 F.2d 372 (6th Cir. 1984) (en banc), that the Del Costello opinion is to be applied retroactively.
 
 
 4
 The plaintiff's cause of action arose in this case when he knew or should have known of the Union's alleged breach of its duty of fair representation. Metz v. Tootsie Roll Industries, Inc., 715 F.2d 299, 304 (7th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984); Santos v. District Council of New York City, 619 F.2d 963, 969 (2d Cir. 1980). Cf. NLRB v. Allied Products Corp., Richard Brothers Division, 548 F.2d 644, 650 (6th Cir. 1977). That occurred in this case no later than August 20, 1980, when the president of the local union told the plaintiff the matter of his discharge could not go to arbitration, or September 18, 1980, when the summary report of the NLRB Regional Director revealed that no grievance had been filed. The plaintiff does not allege nor does the record reveal any conduct on the part of the defendants which would have tolled the statute of limitations. The complaint filed on May 11, 1981 was therefore untimely. See Gustafson v. Cornelius Co., 724 F.2d 75 (8th Cir. 1983); Lincoln v. District 9, IAM, 723 F.2d 627 (8th Cir. 1983).
 
 
 5
 We also reject the plaintiff's assertions that the Del Costello decision should be limited to actions where the underlying grievance proceeded to arbitration. For purposes of hybrid Sec. 301/unfair representation actions, a Union's failure or refusal to grieve a discharge has the same finality as an arbitration award. Metz v. Tootsie Roll Industries, Inc., supra, at 303.
 
 
 6
 It is ORDERED that the district court's judgment of September 30, 1982 be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William H. Timbers, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation