**UNITED STATES, Appellee,**

v.

**Odie Lee JORDAN, Appellant.**

**No. 89–1732EM.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 16, 1989.

Decided Sept. 5, 1990.

R. Thomas Day, St. Louis, Mo., for appel-
lant.

James K. Steitz, St. Louis, Mo., for appel-
lee.

Before JOHN R. GIBSON and FAGG,
Circuit Judges, and FLOYD R. GIBSON,
Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit
Judge.

Our original opinion in this case, *United States v. Jordan*, 893 F.2d 182, 186–87 (8th Cir.), was vacated and remanded by the United States Supreme Court, —— U.S. ——, 110 S.Ct. 2581, 110 L.Ed.2d 262 (1990), for our reconsideration in light of *Taylor v. United States*, —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), which reversed and remanded this court's opinion in *United States v. Taylor*, 864 F.2d 625, 626–27 (8th Cir.1989), *vacated and remanded*, —— U.S. ——, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). We had relied on this court's *Taylor* opinion to affirm Jordan's sentence enhancement under § 924(e).[1]

---

**1.** In relevant part § 924(e) provides:

(e)(1) In the case of a person who violates section 922(g) [felon in possession of a fire-arm] of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense ... such person shall be fined not more than $25,000 and imprisoned not less than fifteen years....

(B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary....

18 U.S.C. § 924(e) (1988).

In *Taylor v. United States,* — U.S. —, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court delineated the meaning of "burglary" for purposes of sentence enhancement under 18 U.S.C. § 924(e) (1988). The Court rejected the notion that burglary was restricted to the common law definition and instead said burglary had a generic meaning and was "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.,* 110 S.Ct. at 2158. Thereby, the Court rejected this court's view that burglary's definition under § 924(e) depended on the definition given by the state of conviction.

In light of the remand from the Supreme Court, we must determine whether Jordan's sentence was nevertheless properly enhanced under § 924(e) or whether a further remand is necessary to the district court for determination of the status of his burglary convictions under the Supreme Court's definition of burglary from *Taylor.* The parties have stipulated to eight prior convictions of Jordan. We have determined that at least three of them comport with § 924(e) and the Supreme Court's views as expressed in *Taylor.* Thus, remand to the district court is unnecessary in this case.

Jordan must have had three prior convictions that come within the definition of "violent felony" under § 924(e)(2)(B) to properly allow enhancement of his sentence. Jordan has a conviction for assaulting a police officer from Missouri Circuit Court from August 1966. In his supple-

mental brief Jordan concedes that that conviction meets subsection (i) of the statute, *see* note 1 *supra.* We conclude that the assault conviction necessarily had as an element the attempted or threatened use of force and may be used pursuant to subsection (i) as one of three prior violent felonies.

■ The state proved three burglary convictions at Jordan's trial. We conclude that two of them meet the standards of *Taylor.* The Arkansas conviction was from Arkansas Circuit Court of April 1960. According to the Supreme Court we consider only the statute without the precise facts of conviction. *Taylor,* 110 S.Ct. at 2159. The Arkansas statute in effect at the time of the above conviction read:

> Burglary is the unlawful breaking or entering a house, tenement, railroad car, automobile, airplane, or any other building, although not specially named herein, boat, vessel or water craft, by day or night, with the intent to commit any felony or larceny.

Ark.Stat.Ann. § 41–1001 (1963 Cum.Supp.) (including 1955 amendment).

Because this statute is broader than the generic definition from *Taylor,* there is the possibility that it may not be used for enhancement. *See Taylor,* 110 S.Ct. at 2160. However, the public record [2] of this conviction discloses that Jordan was charged with a "generic" burglary, i.e. he broke into a building with intent to steal.[3]

■ One of the Missouri convictions was for second degree burglary from Missouri

---

**2.** "An appellate court may take judicial notice of a fact for the first time on appeal." *Gustafson v. Cornelius Co.,* 724 F.2d 75, 79 (8th Cir.1983) (unfair labor practice charge). The public record of Jordan's 1960 conviction is one "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The judicial notice we take here is unlike that criticized in *Minnesota Federation of Teachers v. Randall,* 891 F.2d 1354, 1359 n. 9 (8th Cir.1989) (per curiam). We have not taken judicial notice of one fact to infer another, nor do we do so to reverse the district court by facts not considered by it. Either Jordan broke into a building or

not, thus remand to the district court is unnecessary as the public record discloses the fact that he did.

**3.** Jordan did not argue in rebriefing of this case before this court that his 1960 Arkansas burglary conviction was for anything other than "generic" burglary. We do not decide whether a defendant has the burden of demonstrating whether the charging instrument was filed for activity broader than "generic" burglary or not. Wherever the burden should fall, Jordan was charged with "generic" burglary.

Circuit Court in November of 1972. The Missouri statute in effect at that time and under which Jordan was convicted read:

**560.045. Burglary, not in first degree.—**

Every person who is convicted of breaking into a dwelling house, with intent to commit a felony or to steal, but under such circumstances as do not constitute the offense of burglary in the first degree, shall be deemed guilty of burglary in the second degree.

Mo.Rev.Stat. § 560.045 (1969).

The statutory definitions under which Jordan was convicted or the charges levied against him possess the generic elements of 1) illegal entry or stay in a building or structure and 2) intent to commit a crime. Thus, we conclude that the two convictions discussed above may properly be used to enhance his sentence as meeting the *Taylor* definition of burglary.[4]

No other portion of our earlier opinion or judgment requires reconsideration under the Supreme Court's vacation and remand. Thus, we affirm Jordan's conviction in all respects and reaffirm our prior holdings in *Jordan*, 893 F.2d at 182–86, that were not in conflict with the order of remand on the proper interpretation of the term "burglary" as set forth in § 924(e)(2)(B)(ii). His sentence, likewise, is again affirmed. Mandate to issue forthwith.

---

**4.** Jordan has argued that neither of the state statutory definitions contain the elements of violence Congress sought to punish by enhancement. The Supreme Court has already declined to incorporate that view into its definition, and any discussion by us would be superfluous as we are bound by the High Court's views from *Taylor*.