**Guy LIVINGSTONE, Appellant,**

v.

**SCHNUCK MARKET, INC., Appellee.**

**No. 90–2918.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1991.

Decided Dec. 10, 1991.

Barbara Kemery, St. Louis, Mo., argued, for appellant.

Dennis G. Collins of St. Louis, Mo., argued (Terry A. Tschannen, on brief), for appellee.

Before McMILLIAN, FAGG and WOLLMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Guy Livingstone appeals from a final order entered in the District Court[1] for the Eastern District of Missouri, dismissing his suit brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, against his employer, Schnuck Markets, Inc., as untimely filed.[2] For reversal, appellant argues that the district court erred in holding (1) his cause of action against his employer was a hybrid § 301/ fair representation claim and (2) the statute

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. *Livingstone v. Schnuck Markets, Inc.,* No. 89–1637–C–5 (E.D.Mo. Oct. 5, 1990) (memorandum and order).

of limitations has run on his cause of action. For the reasons discussed below, we affirm the order of the district court.

Since March 1970, appellant has been employed by Schnuck Markets, Inc. (Schnuck), as a truck driver. However, in February 1986, appellant was orally suspended from work for failing to follow instructions and failing to notify the dispatcher of route deviations and was later fired. Schnuck had a collective bargaining agreement with Teamsters Local Union No. 610 (Local 610) requiring the parties to submit unresolved grievances over employee discharges to arbitration. Appellant filed a grievance and it was brought for arbitration on August 14, 1986. On November 26, 1986, the arbitrator ordered that appellant be reinstated with full back pay and benefits from the time of suspension to the implementation of the award.

Appellant was reinstated for work on December 7, 1986, but did not receive his back pay award. Around March 1987, appellant wrote a letter to Local 610 complaining about its lack of enforcement of his arbitration award. Later that year, appellant met with representatives of Local 610 in order to discuss the amount of back pay due. At that meeting, Schnuck offered to pay appellant $23,757.76 in back pay. Appellant refused Schnuck's offer because (1) he was not sure that Local 610 had independently calculated the award and (2) he refused to sign a statement declaring that the only income he had received since his suspension was unemployment income.[3]

The next day, appellant telephoned the Local 610 president, who had attended the meeting, and told him that he was dissatisfied with the union's representation of him in calculating his back pay award. No further negotiations occurred between appellant and Schnuck. On November 7, 1988, appellant filed charges with the National Labor Relations Board (NLRB) against Schnuck and Local 610. In his NLRB charge against Local 610, appellant

alleged that the union had, since October 17, 1988, violated its duty of fair representation (in failing to enforce, or help appellant enforce, the back pay award). His NLRB charges were later withdrawn.

On September 1, 1989, appellant filed suit against Schnuck seeking to enforce the arbitration award of back pay. The district court granted Schnuck's motion for summary judgment holding that appellant's suit was time-barred by the six-month statute of limitations set out in *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (*DelCostello*).

Under *DelCostello,* it is now well-established that the six-month statute of limitations in § 10(b) of the National Labor Relations Act (NLRA), 29 U.S.C. § 160(b), governs hybrid § 301/fair representation actions. *See DelCostello,* 462 U.S. at 158–72, 103 S.Ct. at 2287–95; *see also Tripp v. Angelica Corp.,* 921 F.2d 794, 795 (8th Cir.1990) (*Tripp*) (a cause of action under § 301 must be filed within six months after the claim arises). Section 10(b) provides in part:

> Whenever it is charged that any person has engaged in or is engaging in any such unfair labor practice, the Board, or any agent or agency designated by the Board for such purposes, shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, ... *Provided,* That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board....

29 U.S.C. § 160(b). The suit is labelled a hybrid § 301/fair representation action because it combines a straightforward § 301 breach-of-contract suit against an employer with a suit against the union for breach of the union's duty of fair representation. *See DelCostello,* 462 U.S. at 164–65, 103 S.Ct. at 2290–91.

---

3. Appellant had heard that Schnuck had evidence indicating that he had received income other than unemployment compensation. Appellant feared that if he signed the requested statement, it would later be used against him by Schnuck to terminate him for misrepresentation.

■ The law is clear that regardless of whom the employee sues, a hybrid claim is one in which the employee has a cause of action against both the union and the employer, the two actions are "inextricably interdependent", and the case to be proven is the same whether the employee sues the employer, the union, or both. *See id.; McKee v. Transco Prods., Inc.,* 874 F.2d 83, 86 (2d Cir.1989) (*McKee*); *see also Trompeter v. Boise Cascade Corp.,* 877 F.2d 686, 687–88 (8th Cir.1989) (*Trompeter*) (in order to proceed with a § 301 action against employer, employee must allege that union breached its duty of fair representation).

■ In the instant case, appellant brings suit against his employer to enforce the arbitration back pay award. He argues that because he did not sue his union, his claim cannot be characterized as a hybrid action. The district court disagreed and analyzed the nature of appellant's claim by examining the relationship between appellant and his union. The district court derived this analysis from *Samples v. Ryder Truck Lines, Inc.,* 755 F.2d 881 (11th Cir. 1985). In *Samples,* the Eleventh Circuit held that:

> [W]here a collective bargaining agreement specifies an arbitration procedure in which the union functions as the individual's exclusive representative, the job of asserting the individual's potential right of action to enforce the arbitration award under section 301 is presumed to have been delegated to the union as one of its duties as exclusive representative. Samples' right to bring this hybrid claim was therefore contingent on a showing that his union's failure to do so amounted to inadequate representation under *Vaca [v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967),] and *Hines [v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976)].

*Id.* at 886–87 (footnotes and citation omitted).

The district court found that (1) under the collective bargaining agreement it was the union's duty to enforce the arbitration award, (2) Schnuck made an offer of back pay, and (3) the fact that appellant never received an award of back pay was due to Local 610's failure to enforce the award after appellant refused Schnuck's initial offer. *Livingstone v. Schnuck Markets, Inc.,* No. 89–1637–C–5, slip op. at 8 (E.D.Mo. Oct. 5, 1990) (*Livingstone*). Accordingly, the district court found that an employee's action against the employer to enforce an arbitration award necessarily includes a claim against the union for inadequate representation, since it is the union's duty under the collective bargaining agreement to enforce such an award. *Id.* at 7. The district court therefore concluded that because appellant's action against Schnuck presupposed a claim against Local 610 for inadequate representation, the appellant's action was a hybrid § 301/fair representation claim. *Id.* at 8–9.

We agree with the district court's findings. In order to prevail against his employer, appellant must first show that his union breached its duty of fair representation to him in failing to enforce his arbitration award. *See Trompeter,* 877 F.2d at 687–88; *see also Tripp,* 921 F.2d at 795 (because district court granted summary judgment for union concluding that there was no breach of fair representation, employee could not maintain § 301 action). Thus, appellant's action is a hybrid § 301/fair representation claim and the six-month statute of limitations applies.

To hold otherwise would allow employees to circumvent the hybrid six-month statute of limitations by choosing to sue only their employers. *See McKee,* 874 F.2d at 86; *see also Bailey v. Chesapeake & Ohio Ry.,* 852 F.2d 185, 187 (6th Cir.1988) (complaint showed that plaintiffs alleged a hybrid claim despite their attempt to label it as something else). It is clear from the record that appellant here was extremely dissatisfied with his union's representation of him: he wrote a letter complaining of Local 610's lack of enforcement of his arbitration award, phoned to complain of their representation of him during negotiation, and filed NLRB charges against them.

■ Appellant urges this court to apply Mo.Rev.Stat. § 435.400 (1986), which gov-

erns confirmation of an award, in conjunction with Mo.Rev.Stat. § 516.350.1 (1986), which allows a successful litigant a statutory period of ten years in which to collect a judgment, thereby giving appellant a ten-year statute of limitations in which to enforce his arbitration award. The application of such a rule would run contrary to the policy of "relatively rapid final resolution of labor disputes favored by federal law." *DelCostello*, 462 U.S. at 168, 103 S.Ct. at 2292.

The district court found that the six-month statute of limitations began to run at the latest on the date on which appellant filed an unfair labor practice charge with the NLRB. The district court based this finding on *Gustafson v. Cornelius Co.*, 724 F.2d 75 (8th Cir.1983) (*Gustafson*).

In *Gustafson*, we held that the employee's cause of action against the employer and the union accrued when the union decided not to pursue the employee's grievance. *Id.* at 79. At that time, the date the union decided not to pursue the employee's grievance was unclear, so we took judicial notice of the fact that the employee had filed an unfair labor practice charge against the union. We held that the employee's cause of action accrued on the date the employee alleged in the unfair labor practice charge that the union had decided not to pursue the grievance. *Id.* at 79–80. Alternatively, we held that the employee's cause of action could have accrued at the latest on the date the unfair labor practice charge was filed. *Id.* at 79 n. 10.

In the present case the district court found that appellant's cause of action accrued at the latest on November 7, 1988, the date on which appellant's unfair labor practice charge was filed. Under *Gustafson*, the district court could have found that appellant's cause of action accrued on October 17, 1988, the date appellant alleged in his NLRB charge that Local 610 had begun to breach its duty of fair representation.

We agree with the district court's finding. Because appellant did not file his complaint until September 1, 1989, approximately ten months after he was aware of the union's alleged breach, the district court correctly found that appellant's cause of action was time-barred.

Appellant argues that the six-month statute of limitations was tolled due to the employer's and union's misconduct. However, this court has never required that the union give the employee unequivocal notice before the employee's cause of action begins to accrue. Instead, what is important is the date on which the union "engaged in the acts of unfair representation in the grievance process." *Id.* at 79. Here, it is clear that appellant had sufficient notice that Local 610 was not going to pursue his grievance because a full year had elapsed since the last negotiation meeting. Appellant's recognition of the union's refusal is evidenced by his NLRB charges.

Appellant also attempts to argue that Schnuck's refusal to give him his back pay award was a "continuing violation" that tolled the statute of limitations. This argument is without merit because Schnuck's refusal to pay the back pay award was at most one act of misconduct. In fact, the district court doubted that appellant had *any* cause of action against Schnuck since Schnuck had indeed made an initial back pay offer. *Livingstone*, slip op. at 8.

Accordingly, the order of the district court is affirmed.