Raymond J. ZAWODNIAK, Plaintiff,

v.

McDONNELL DOUGLAS CORP., and Teamster Firemen, Oilers, Maintenance Men and Associated Industries, Local Union No. 367, Defendants.

No. 91–1326C(5).

United States District Court, E.D. Missouri, E.D.

Jan. 10, 1992.

Lawrence J. Altman, St. Louis, Mo., for plaintiff.

Dennis C. Donnelly, Peter H. Harris, Bryan Cave McPheeters & McRoberts, St. Louis, Mo., for McDonnell Douglas.

Jerald A. Hochzstein, Feldacker and Cohen, St. Louis, Mo., for Teamster Firemen etc.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff has filed a hybrid § 301 wrongful discharge/breach of duty of fair representation claim against his present employer, McDonnell Douglas and his union, Local Union No. 367. Both defendants have filed motions to dismiss pursuant to Rule 12(b)(6) claiming that the plaintiff's lawsuit is barred by the applicable statute of limitations (defendant McDonnell Douglas' motion to dismiss is also alternatively a motion for summary judgment on the same grounds).

Both of the motions to dismiss are accompanied by affidavits in support. Since the Court will consider these affidavits, defendants' motions will be treated as summary judgment motions pursuant to Rules 12(b) and 56.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. *New England Mut. Life Ins. Co. v. Null*, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." *Mt. Pleasant v. Associated Elec. Coop. Inc.*, 838 F.2d 268, 273 (8th Cir.1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962).

The burden is on the moving party. *Mt. Pleasant*, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Buller v. Buechler*, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Robert Johnson Grain Co. v. Chem. Interchange Co.*, 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

Plaintiff Zawodniak began his employment with McDonnell Douglas in 1963. From March 1963 until March 1973 plaintiff was a member of the collective bargaining unit represented by Local Union 367 (Union). It is unclear from the parties' pleadings as to what plaintiff's status was from 1973 to 1984, but it appears that for some period of time he was in a supervisory position over the collective bargaining unit's personnel. In August 1984, he became a Maintenance Foreman and supervised non-collective bargaining unit personnel. In April 1990, plaintiff was offered the position of Technical Specialist. This position also involved the supervision of non-collective bargaining unit personnel. Plaintiff was specifically told that if he accepted the position he would not be permitted to retain the seniority he had accrued while a member of the collective bargaining unit if he should ever return to the

collective bargaining unit. This restriction was pursuant to Article XI, Section 10(A) of the Collective Bargaining Agreement between McDonnell Douglas and the Union. Plaintiff was also given the option to return to the collective bargaining unit with his seniority intact. Plaintiff chose to take the Technical Specialist position.

On July 16, 1990 plaintiff was given sixty (60) days notice that he would lose his Technical Specialist position effective September 14, 1990. Plaintiff spoke with Thomas Crawford, Business Representative for the Union, about returning to the collective bargaining unit with his previously accrued seniority. Crawford told plaintiff that he could return to the collective bargaining unit, but he could not retain the seniority he had previously accrued. Crawford once again reminded plaintiff of the provisions of the Collective Bargaining Agreement. Crawford specifically told plaintiff that under the Collective Bargaining Agreement, an employee who transfers out of the collective bargaining unit must transfer to a supervisory position over collective bargaining unit personnel, in order for that employee to retain seniority. Since plaintiff had transferred to the Technical Specialist position, he could not retain his seniority when re-entering the collective bargaining unit.

On July 23, 1990 plaintiff filed a charge against the Union with the National Labor Relations Board (NLRB) alleging improper denial of seniority rights. On August .7, 1990 plaintiff withdrew the charge.

On September 8, 1990 plaintiff re-entered the collective bargaining unit as a Mechanic in the Powerhouse. He re-entered the collective bargaining unit without his previously accrued seniority. On October 10, 1990 plaintiff spoke with Richard Janoski, now-retired Branch Manager, Labor Relations again about retaining his seniority. Plaintiff was again informed that he lost his seniority when he took the position as Technical Specialist. On January 16, 1991 plaintiff was laid-off.

On January 23, 1991 plaintiff filed charges with the NLRB against McDonnell Douglas and the Union alleging (again) improper denial of seniority rights. On February 15, 1991 (by letter) plaintiff was informed that the NLRB was refusing to issue a complaint on the charges. On June 17, 1991 plaintiff returned to work at McDonnell Douglas as a Mechanic in the Powerhouse, presumably without his previously fully accrued seniority. On June 26, 1991 plaintiff filed this lawsuit.

Both the original complaint, the amended complaint, and plaintiff's response fail to mention the change in plaintiff's job status in April 1990 or that plaintiff returned to work at McDonnell Douglas shortly before filing his complaint. The Court finds these facts to be very significant and since plaintiff fails to refute, in any way, the facts as outlined in the defendants' motions and supporting affidavits, the Court accepts the defendants' account of the facts and will now apply the relevant law.

The law is clear that a cause of action under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 must be filed within six months after the claim arises. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 170, 103 S.Ct. 2281, 2293, 76 L.Ed.2d 476 (1983). The law is equally clear, in this Circuit, that a hybrid § 301 claim arises on the date the union decides not to pursue the employee's grievance regarding the discharge. *Tripp v. Angelica Corp.*, 921 F.2d 794, 795 (8th Cir.1990); *Craft v. Automotive, Petroleum & Allied Industries Employees Union, Local 618*, 754 F.2d 800, 803 (8th Cir.1985); *Gustafson v. Cornelius Co.*, 724 F.2d 75, 79 (8th Cir.1983).

In order for plaintiff to have filed his lawsuit within the six months limitation period, his cause of action would have had to arise after December 26, 1990. Unfortunately, for plaintiff, his cause of action arose well before December 26, 1990.

Plaintiff relies upon *Gustafson* and *Burnett v. Montgomery Ward and Co.*, 678 F.Supp. 1423 (W.D.Mo.1988) for the proposition that his cause of action arose when he was laid off in January 16, 1991 or when he filed his last NLRB charges on January 23, 1991 because at this point "there was nothing for plaintiff to grieve." Plaintiff completely misconstrues the holdings in

these cases and his misinterpretation goes against a well-established precedent regarding the statute of limitations period in hybrid § 301 cases. *Gustafson* and *Burnett* only considered the dates of the NLRB charges as the *latest* date the cause of action could accrue. Both cases still considered the date(s) the Union first "engaged in the acts of unfair representation in the grievance process" as the controlling date for when a plaintiff's cause of action arises. *Gustafson,* at 79.

Plaintiff was told several times very clearly that he could not retain his seniority (upon returning to the collective bargaining unit) once he took the position as Technical Specialist. He was told this in April 1990, in July 1990, and again in October 1990. Any one of these dates unequivocally demonstrated to the plaintiff that the Union was not going to pursue plaintiff's grievance. In fact, plaintiff's first filing of a NLRB charge against the Union on July 23, 1990 unquestionably reflects plaintiff's belief that the Union was not representing him fairly. The facts in this case clearly show that plaintiff's cause of action arose well before December 26, 1990 and therefore outside the six months statute of limitations period for hybrid § 301 lawsuits.

The defendants have met their initial burden to demonstrate that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller,* 368 U.S. at 467, 82 S.Ct. at 488. Once the defendants met their burden, the burden shifted to the plaintiff to "set forth affirmative evidence, specific facts, showing that there [was] a genuine dispute on [those] issue[s]." *City of Mt. Pleasant,* at 274. Plaintiff has failed to set forth any affirmative evidence or specific facts to show a genuine dispute exists as to the application of the hybrid § 301 statute of limitations. Since plaintiff's complaint was filed more than six months after his cause of action arose, his complaint is time-barred and summary judgment will be granted for the defendants.