**Duane SKYBERG, et al., Plaintiffs,**

**v.**

**UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION, AFL–CIO, and United Food and Commercial Workers Union, Local No. 304A, Defendants.**

No. CIV 92–4034.

United States District Court,
D. South Dakota, S. D.

Sept. 8, 1992.

A.J. Swanson Sioux Falls, S.D., A. Stevenson Bogue, II, Omaha, Neb., for plaintiffs.

R. Alan Peterson, Robert L. O'Connor, Sioux Falls, S.D., Theodore Sachs and Mary Ellen Gurewitz, Detroit, Mich., Irving M. King and Kelly J. Hupfeld, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

JOHN B. JONES, Chief Judge.

Plaintiffs commenced this action on February 25, 1992, alleging that defendants breached their duty to fairly represent plaintiff union members in connection with a sympathy strike against Morrell–Sioux Falls which members of Local 304A conducted in support of the Sioux City local.

Defendants have each moved for dismissal under Rule 12 on the basis that (1) plaintiffs' claims are barred by the statute of limitation and (2) plaintiffs' complaint fails to state a cause of action. The motions have been fully briefed and were heard by the Court on August 3, 1992. After consideration of the record, the motions will be granted.

### Background

Plaintiffs were covered by a 1985–1986 collective bargaining agreement which had a no strike clause. Plaintiffs, together with all other Morrell union employees, honored a picket line established at Morrell–Sioux Falls from May 1, 1987 through November 4, 1987 and engaged in a sympathy strike against Morrell.

### Statute of Limitations

■ Fair representation claims under Section 301 of the National Labor Relations Act, 29 U.S.C. § 185, are governed by the six-month limitations period borrowed from Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

In the Eighth Circuit, it is well settled that an employee's cause of action accrues on the date the union engaged in the alleged acts of unfair representation. *Livingstone v. Schnuck Market, Inc.*, 950

F.2d 579 (8th Cir.1991) (claim accrued on date appellant alleged in NLRB charge that union had begun to breach its duty of fair representation); *Burnett v. Montgomery Ward & Co.*, 678 F.Supp. 1423, 1424 (W.D.Mo.1988) (employee's cause of action accrued on date union committed acts of unfair representation).

■ I find that the plaintiffs' claim in this case accrued during the course of the sympathy strike and was fully accrued on November 4, 1987 when the strike ended. The statute of limitations period ended on May 4, 1988.

Plaintiffs' positions that (1) the statute of limitations has not commenced running because the unions are still engaging in litigation relating to arbitration and (2) that litigation between Morrell and the unions tolled the statute of limitation have been considered and found to be without merit since the plaintiffs were aware of all of the facts which gave rise to their claim at the end of the strike. *See also Burnett*, 678 F.Supp. at 1429 (employees' alleged reliance on representations by union was insufficient to toll statute of limitations under doctrine of equitable tolling).

### Failure to State Cause of Action

While the decision on the statute of limitations issues make it unnecessary to consider this issue, I conclude that I should decide it so the parties can obtain appellate review of all issues herein.

■ A union breaches its duty of fair representation only when its conduct is "arbitrary, discriminatory, or in bad faith." *Air Line Pilots Ass'n. Int'l v. O'Neill*, — U.S. —, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) (ALPA). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness." *Id.* — U.S. at —, 111 S.Ct. at 1130 (citations omitted).

■ Both defendants argue that their actions, i.e. advice regarding the legal ramifications of the strike, were reasonable in light of the factual and legal landscape at

the time of the strike. Defendants cite *John Morrell & Co. v. Local Union 304A,* 804 F.2d 457 (8th Cir.1986), *cert. denied,* 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 496 (1987), where the court stated:

> To the extent that *the district court found* that the first strike was a sympathy strike, *that the parties' no-strike clause did not prohibit sympathy strikes,* and that the August 4 strike could not be enjoined by a federal court, *we agree* with the district court's analysis.

*Id.* at 460 (emphasis added). Although the Eighth Circuit later characterized the language as dicta, *see John Morrell & Co. v. Local Union 304A,* 913 F.2d 544, 550 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991), it seems indisputable that the defendants support of the sympathy strike was not arbitrary, discriminatory or in bad faith. As both sides point out, the legal issues relating to the sympathy strike were the subject of a great deal of litigation. The mere fact that the unions lost does not establish a factual issue on whether they acted in bad faith.

### Conclusion

The motions to dismiss of each defendant must be granted. This renders moot the motions of the defendants to stay discovery and for a protective order, since no further discovery is now needed.

Upon the record herein,

IT IS ORDERED:

(1) That defendant International Union's Motion to Dismiss, Doc. 19, is granted.

(2) That defendant Local 304A's Motion to Dismiss, Doc. 22, is granted.

(3) That defendant Local's Motion to Stay Discovery, Doc. 25, and defendant International's Motion for Protective Order, Doc. 28, are each dismissed as moot.

(4) That the Clerk of Courts will enter a Judgment dismissing this action with prejudice.