983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Arthur L. OLIVER, Plaintiff-Appellee,
v.
LOCAL 743, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS, Defendant-Appellee.
 No. 92-1319.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 4, 1992.
Decided Dec. 10, 1992.
 
 Before BAUER, Chief Judge, CUDAHY, Circuit Judge and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 I.
 
 1
 Arthur Oliver was an employee of the Central States, Southeast and Southwest Area, Health, Welfare and Pension Fund (Central States) and a member of Local 743 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers (I.B.T.). Central States terminated Oliver's employment in March 1989.[1] Oliver proceeded to file a grievance with I.B.T. and a complaint with the Equal Employment Opportunity Commission (E.E.O.C.), alleging that his discharge was the product of racial discrimination. I.B.T., acting on Oliver's behalf, and Central States reached a settlement the day Oliver's grievance was to be arbitrated. Oliver would receive a $20,000 lump sum payment in return for withdrawal of his grievance with I.B.T. and his pending E.E.O.C. charges against Central States. Oliver agreed to accept the settlement only if I.B.T. promised to find him another, comparable job "right away." Br. of Appellant at 10. I.B.T. agreed to this condition, and Oliver's grievance was settled.
 
 
 2
 Oliver became dissatisfied with I.B.T.'s efforts to find him a new job. Oliver had apparently filed a charge with the E.E.O.C. against the union sometime prior to being terminated by Central States. In September 1989, an I.B.T. representative asked Oliver to drop this charge with the E.E.O.C. Oliver agreed to do so, if I.B.T. found him suitable employment. I.B.T. never did, and Oliver found a job on his own in January 1990. Oliver had no further contact with I.B.T. regarding this matter after September 1989. On September 23, 1989, Oliver received an E.E.O.C. determination letter rejecting his discrimination claim against I.B.T. On November 3, 1989, Oliver requested that his charges against I.B.T. be amended to include I.B.T.'s failure to "see to it that [he] got another job right away." Oliver filed a charge with the National Labor Relations Board (N.L.R.B.) on March 19, 1990, alleging that I.B.T. breached its duty to fairly represent him. This suit followed on May 14, 1990, alleging, inter alia, the same violation.
 
 
 3
 I.B.T. moved for summary judgment. Because Oliver had not pursued any internal union remedies, the district court granted I.B.T.'s motion, relying upon this court's decision in Tinsley v. United Parcel Serv., 635 F.2d 1288 (7th Cir.1980), vacated and remanded, 452 U.S. 934 (1981), decision on remand, 665 F.2d 778 (7th Cir.1981) (holding that failure to exhaust internal union remedies bars judicial relief). Oliver brought this appeal, and we now affirm.
 
 II.
 
 4
 This case was argued principally over the continuing authority of Tinsley. It appears that Oliver unjustifiably failed to pursue all internal union remedies available to him, and that this suit is therefore barred pursuant to our holding in Tinsley. Tinsley has been criticized on the grounds that damages may not be recoverable through the internal process within the International Brotherhood of Teamsters. Indeed, the Ninth Circuit has rejected Tinsley for this reason. See Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 896 (9th Cir.1987), cert. denied sub nom. California Teamsters Pub., Professional & Medical Employees Union Local 911 v. Ghebreselassie, 478 U.S. 1234 (1988). We do not, however, regard this as an appropriate occasion to reexamine Tinsley, because the district court's judgment may be affirmed, in any event, on the ground that Oliver's claim was barred by the statute of limitations. We are not constrained by the district court's reasoning, and may affirm a summary judgment on any ground finding support in the record. Oyler v. National Guard Ass'n of the United States, 743 F.2d 545, 555 (7th Cir.1984).
 
 
 5
 The statute of limitations for unfair representation claims made pursuant to section 301 of the National Labor Relations Act is six months. Johnson v. Graphic Communications Int'l Union, 930 F.2d 1178 (7th Cir.), cert. denied sub nom. Padget v. Graphic Communications Int'l Union, 112 S.Ct. 184 (1991). The limitations period begins to run when the union fails or refuses to act, or from the time that the employee discovers, or in the exercise of reasonable diligence should have discovered, that the union would take no further action on his or her behalf. Adams v. Budd Co., 846 F.2d 428, 431 (7th Cir.1988), cert. denied, 488 U.S. 1008 (1989). Oliver's own actions suggest he knew, or should have known, that I.B.T. had ceased assisting him find new employment more than six months before this suit was filed.
 
 
 6
 Oliver maintains that from July 1989, the date his grievance against Central States was settled and I.B.T. promised to find him a new job, I.B.T. sent his resume to only a single employer. Oliver and I.B.T. communicated for the last time regarding this matter in September 1989. It thus appears that Oliver should have known sometime in October 1989 that I.B.T. had done for him all that it intended to do. We need not, however, speculate as to when Oliver realized that his union had abandoned him. On November 3, 1989, Oliver amended his E.E.O.C. charge against I.B.T. to include the union's failure to find suitable employment for him. We have previously held that the filing of an unfair labor practice charge with the N.L.R.B. is evidence the plaintiff knew that the union would take no further action on his or her behalf. See Adams, 846 F.2d at 431. See also Gustafson v. Cornelius Co., 724 F.2d 75, 77 (8th Cir.1983). We believe that Oliver's November 3 letter to the E.E.O.C. similarly establishes that as of that date, at the latest, Oliver knew I.B.T. would do nothing more for him. As a result, the limitations period began to run on November 3, 1989, and expired six months later on May 3, 1990. Oliver did not file this suit until May 14, 1990. Hence, either on the authority of Tinsley or because the suit is time-barred, the district court properly granted summary judgment in favor of I.B.T.
 
 
 7
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This case comes to us on appeal from the district court's granting of I.B.T.'s motion for summary judgment. For purposes of this appeal, I.B.T. accepts as true all well-plead factual allegations in Oliver's complaint. Br. of Appellee at 5 n. 2