# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2951

_____

| | |
|---|---|
| Roger W. McClarin, | * |
| | * |
| Appellant, | * |
| | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Joe Ebel; Bill Brown; Kenneth | * |
| Truemper; Chico Humes; Ralph | * [UNPUBLISHED] |
| Bruns; Universal Printing Company; | * |
| Graphics Communications Union Local | * |
| 505, | * |
| | * |
| Appellees. | * |

_____

Submitted: January 7, 2009
Filed:  January 15, 2009

_____

Before MELLOY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Roger McClarin appeals the district court's[1] dismissal of his civil complaint against some defendants for lack of service, and against other defendants under Federal Rule of Civil Procedure 12(b)(6), after removal to federal court.  In 2005, McClarin, proceeding in forma pauperis, filed this hybrid claim for

_____

[1]The Honorable Stephen N. Limbaugh, Sr., United States District Judge for the Eastern District of Missouri, now retired.

a breach of the collective bargaining agreement against Universal Printing Company (Universal) and four of its employees and a breach of the duty of fair representation against the Graphics Communications Union Local and three of its officers, arising under section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, stemming from events that occurred in 1997-98.

We conclude the Rule 12(b)(6) dismissal of the complaint against Universal and Joe Ebel was proper, see Carter v. Arkansas, 392 F.3d 965, 968 (8th Cir. 2004) (de novo review for Rule 12(b)(6) dismissals), because we agree that McClarin's 2005 suit was time-barred under the six-month statute of limitations for hybrid section 301 actions, see Barlow v. Am. Nat'l Can Co., 173 F.3d 640, 642 (8th Cir. 1999) (hybrid § 301 action governed by 6-month statute of limitations; filing period begins to run against employer and union when grievance is rejected or union decides not to pursue it); Livingstone v. Schnuck Market, Inc., 950 F.2d 579, 581 (8th Cir. 1991) (suit is labeled hybrid § 301 action when it combines suit against employer with suit against union for breach of duty of fair representation).

As to the dismissals of the other defendants for lack of service, we conclude that the errors McClarin raises would not require reversal, because his suit against these defendants also was time-barred under the LMRA's six-month statute of limitations. See Winfield v. Roper, 460 F.3d 1026, 1038 (8th Cir. 2006) (this court may affirm on any ground supported by record). McClarin's remaining arguments provide no basis for reversal.

Accordingly, we affirm.

_____